Everett W. BRAY, Petitioner,

v.

The STATE INDUSTRIAL COURT of the State of Oklahoma, Pennsylvania Sand· Glass Company, United States Fidelity & Guaranty Company, Respondents.

No. 40377.

Supreme Court of Oklahoma.

March 24, 1964.

Rehearing Denied June 16, 1964.

As Corrected July 7, 1964.

Fermon Hatcher, Pauls Valley, Claud Briggs, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for respondents.

WILLIAMS, Justice.

This is an original proceeding instituted by Everett W. Bray, hereafter referred to as petitioner, to review an order of the State Industrial Court denying him compensation.

The record discloses that on the 1st day of June, 1962, petitioner filed with the State Industrial Court his first notice of injury and claim for compensation; that he alleged that on March 29, 1962, while an employee of ·the respondent, Pennsylvania Glass Sand Corporation, hereafter referred to as employer, he sustained an accidental personal injury consisting of a rupture; that all medical expenses incidental thereto and compensation were voluntarily paid by the respondent, United States Fidelity and Guaranty Company, hereinafter referred to as insurance carrier; that on July 9, 1962, petitioner filed with the State Industrial Court, an amended first notice of injury and claim for compen-

sation; that, in addition to the rupture, he alleged that he sustained an injury to his back on March 29, 1962; that, following a hearing before the trial judge, an order was entered finding that the petitioner on or about March 29, 1962, sustained an accidental injury consisting of a hernia and injury to his back; that petitioner had been compensated for his hernia, but had received no compensation for the injury to his back; that the order found that petitioner sustained twenty percent (20%) permanent partial disability to his body as a whole; that on the appeal of the employer and the insurance carrier to the State Industrial Court en banc the following order was entered:

"On November 13, 1962, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the Trial Judge heretofore entered on August 21, 1962.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated, and claimant's claim for compensation denied.

"IT IS THEREFORE ORDERED that the order of the Trial Judge heretofore entered in this case on August 21, 1962, be and the same hereby is vacated, set aside, and held for naught, and claimant's claim for compensation denied."

For reversal of such order, petitioner advances the proposition that: "The order of the court en banc denying an award herein does not contain findings of fact responsive to the issues and the order is too indefinite and uncertain for judicial determination". Petitioner contends that "The order is devoid of any findings of fact. The order simply states, as a conclusion of law, that the order of the trial judge should be vacated and the claim denied. It is impossible to determine from the order, just why the order of the trial judge should be vacated or why the claim should be denied." We agree.

At the hearing before the trial judge prior to the taking of testimony, the attorney for the employer and the insurance carrier himself raised three issues of fact. He stated: "I can stipulate * * * that we specifically [1] deny that he [petitioner]

injured his back and [2] deny any notice of a back injury". (3) Necessarily included in denial of compensable injury, was a denial of right to compensation for permanent partial disability.

In the brief of the employer and the insurance carrier, reference is made to all three of these issues of fact as follows:

"Apparently there is no conflict regarding the issue of fact presented to the State Industrial Court for Determination since the petitioner at page 1 of his brief states as follows:

" 'The issue of fact on the hearing was [1] whether the claimant sustained a back injury in the accident of March 29, 1962, and [2] the extent of his permanent disability therefrom and [3] notice' ".

At the hearing before the trial judge both the petitioner and employer introduced testimony as to whether petitioner gave notice of the alleged injury to his back. The petitioner testified that he reported such alleged injury to the foreman, Mr. McCall. His testimony was that he so reported "the next morning". He further testified that he told Mr. McCall that something had to be done about his back.

The plant manager, Mr. Jackson, and Mr. McCall testified that petitioner never did report a back injury to either of them, nor did he ever discuss such an injury with either of them.

The trial judge in his order of August 21, 1962, found "that claimant [petitioner] gave proper and timely notice as to both injuries".

The order of the State Industrial Court en banc hereinabove quoted, does not set forth the basis of its holding of "compensation denied." It is not clear upon what theory compensation was denied.

In the case of Fischbach & Moore of Texas v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422, is the following language:

" ' * * * We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' United States v. Chicago, Milwaukee, St. Paul & Pacific Railroad Company, 294 U.S. 499, 55 S.Ct. 462, 467, 79 L.Ed. 1023.

"Once we know what a decision means we must look to the facts and the applicable law to determine whether the decision is right or wrong. For the facts we must look to the finding of the State Industrial Commission. * * *"

In employee's petition for review we are not asked to determine that the State Industrial Court erred in not excusing failure of petitioner to give actual notice of a back injury upon the ground that exact precision is not required in describing the nature and extent of injuries claimed but we simply are urged to determine that the order of the court en banc is too indefinite and uncertain for judicial review.

 In the instant case there were three issues of fact before the Industrial Court en banc. These issues of fact were whether or not the petitioner sustained an accidental personal injury arising out of and in the course of his employment, the percentage of permanent partial disability and notice, i. e., whether petitioner gave no actual notice of injury to his back or whether prejudice resulted to the employer from petitioner's failure to give written notice. There was conflicting evidence on each of these issues of fact. This court has held many times that it will not review conflicting evidence on non-jurisdictional questions to determine weight and value thereof. Socony Mobil Company v. Cox, Okl., 372 P.2d 8. Whether an employee sustained an accidental injury arising out of and in the course of his employment is a question of fact for the State Industrial Court. Young v. Neely, Okl., 353 P.2d 111. Findings of fact made by the State Industrial Court are conclusive and binding upon the Supreme Court where there is competent evidence reasonably tending to support such findings. Kemp v. Chickasha Plumbing Company, Okl., 338 P.2d 1107. Since the evidence was conflicting on the issues of fact here involved, it was incumbent upon the State Industrial Court to resolve such questions of fact. Where the evidence is conflicting and where there is no question but that the Industrial Court had jurisdiction, this Court does not have the authority to resolve issues of fact.

 In the second paragraph of the syllabus in the case of Young v. City of Holdenville, Okl., 384 P.2d 905, we held:

"The State Industrial Court must make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation."

Without intending to express an opinion as to the one of the parties in whose favor the evidence preponderates, we note that if it had believed the evidence of the petitioner, the State Industrial Court could have found that petitioner sustained an accidental injury arising out of and in the course of his employment but that he had no permanent partial disability. On such basis his claim for compensation could have been denied, but by failing to find and state that petitioner sustained an accidental injury, if in fact he did, petitioner would be deprived of the opportunity to later receive compensation should he have a change of condition for the worse.

In Parsons v. State Industrial Court, Okl., 372 P.2d 27, 30, we said:

"In Skelly Oil Co. v. Goodwin, 158 Okl. 288, 13 P.2d 135, we stated: 'Where an order has been made by the commission denying compensation and said order becomes final, the commission acquires jurisdiction to reopen said cause and order compensation paid, upon a showing that there has been a change of condition for the worse due to the original injury since the former order.' "

See also Gleason v. State Industrial Court, Okl., 371 P.2d 89; Southwest Stone Co. v. Washington, Okl., 381 P.2d 872, 874.

Rule 18 of the Rules and Regulations of the State Industrial Court provides in pertinent part as follows:

" * * * Failure to give such [written] notice to the employer will be excused in the absence of positive proof of prejudice by the employer or its insurance carrier when actual notice was given within thirty (30) days after the accidental injury. The burden of showing such actual notice is upon the claimant. Failure to give either written or actual notice to the employer within thirty (30) days after the accident will

not be excused except upon positive proof by the claimant that the employer and the insurance carrier were not prejudiced thereby, or that such notice could not be given."

From the foregoing rule it is clear that if employee gave actual notice of a back injury within thirty days after the accident, the court was duty bound under its rule to excuse the giving of written notice absent positive proof or prejudice "by the employer or its insurance carrier."

In Nunnery v. Beatrice Foods Company, Okl., 340 P.2d 236, claimant gave an indefinite actual notice of a groin injury within the thirty day period, but did not mention a back injury. On the question of notice we said:

"* * * Thus, it is clear that the Commission has bound itself to excuse the failure to give written notice when actual notice is given and the employer does not offer positive proof of prejudice. In the instant case the employer put on no evidence of prejudice, and the Trial Judge made no finding as to actual notice or prejudice".

In the instant case if the court en banc found that actual notice was given but that the respondent was prejudiced for lack of written notice there is no evidence to support a finding of prejudice.

We are unable to determine from the order whether compensation was denied for the reason that petitioner did not give his employer notice of his alleged injury as required by 85 O.S.1961 § 24 and that the employer was prejudiced thereby. See Laster v. Ozark Nursery Co., Okl., 290 P.2d 395.

In the case of McCarthy v. Forbes Painting and Decorating Co., 200 Okl. 555, 198 P.2d 212, the trial judge found in favor of the claimant and awarded him compensation. On appeal to the court en banc the award was vacated. The court en banc found "that said order should be and is hereby reversed and denied, in that there is not sufficient evidence to establish an accidental personal injury arising out of and in the course of claimant's employment by the respondent." In such opinion the court quoted from Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, 626, as follows: "We are unable to determine whether the Commission intended to find and hold

that the accident testified to by claimant did not occur, or whether it intended to hold that claimant did not receive a compensable injury by reason of such accident, and that the disability which he claims he subsequently suffered did not result therefrom, or whether the Commission intended to find that the accident did occur and resulted in disability, but that same did not arise out of and in the course of the workman's employment."

In the case of Tombleson v. Hooker's Roustabout Service, Okl., 378 P.2d 866, we said:

"* * * We cannot say from the order made what the State Industrial Court intended to find in this respect. We are unable to determine whether the State Industrial Court intended to find that Tombleson did not die from the accidental injury or whether the award was vacated because the State Industrial Court was of the opinion it was precluded from granting an award by reason of estoppel because of the order reviving the award made to Tombleson as argued by the respondents. The State Industrial Court should conduct a complete hearing and determine whether Tombleson died by reason of the accidental injury. This Court has repeatedly held that it is the duty of the State Industrial Court to enter such order as can be judicially construed by this Court."

In the case of Moten v. Chandler Well Service, Okl., 363 P.2d 153, 154, wherein the order of the State Industrial Court was vacated, we said:

"* * * We are unable to determine from the order whether it was the intention to find that claimant did not sustain any disability from the fall or whether it was the intention to find that he sustained a disability from the fall but that the disability was not compensable because the fall was an 'idiopathic fall' ".

Contrary to the situation in the present case, in the case of McMurtray v. American Ass'n. of Petroleum Geologists, Okl., 383 P.2d 215, 217, 218, there was truly involved only one question. Therein we said:

"Claimant also urges that the State Industrial Court erred in failing to make findings of fact as to the reason

for denying claimant's claim for compensation. The only question of fact arising from the evidence was whether under the circumstances the employee's death arose out of and in the course of his employment."

Since the State Industrial Court en banc had at least three issues before it and could have entered a conclusion adverse to Petitioner's right to compensation on any one of these issues, the order of the State Industrial Court en banc now before this Court is too indefinite and uncertain for judicial interpretation.

In the fourth paragraph of the syllabus in the case of Ada Coca-Cola Bottling Company v. Snead, Okl., 362 P.2d 688, we held:

"Where the findings of fact and conclusions of law of the State Industrial Court are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

The order of the State Industrial Court en banc is vacated and cause remanded to such Court for further proceedings consistent with this opinion.

BLACKBIRD, C. J., and JACKSON, IRWIN and BERRY, JJ., concur.

HALLEY, J., dissents.