W. L. BATES, Petitioner,

v.

STATE INDUSTRIAL COURT, L & B Construction Co., and Hartford Accident & Indemnity Co., Respondents.

No. 40517.

Supreme Court of Oklahoma.

July 14, 1964.

Claud Briggs and Russell Farmer, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for respondents.

IRWIN, Justice.

W. L. Bates, referred to as claimant, filed his claim for compensation against L & B Construction Co., his employer, and Hartford Accident & Indemnity Co., its insurance carrier, for injuries sustained as a result of an alleged accidental injury to his back on November 4, 1961. On February 5, 1962, the trial judge entered an order wherein he found that as a result of injury, claimant was temporarily totally disabled from November 11, 1961, through December 15, 1961. The trial judge reserved for future consideration the issue of claimant's permanent disability.

Claimant appealed to the Commissioners en banc and on April 2, 1962, the Commission en banc affirmed the order of the trial judge entered on February 5, 1962.

On April 24, 1962, claimant filed a motion requesting the case be set for hearing, " * * * said hearing to be on further compensation benefits due him." At the hearing the trial judge asked, "You are ask-

ing for temporary total and further treatment?" The attorney for the claimant stated that he was. Claimant submitted the medical statements of Dr. O. in support of his application. One of these statements, dated February 6, 1962, stated claimant was at that time temporarily disabled for ordinary manual labor. The other statement, dated April 19, 1962, stated claimant's condition continues to deteriorate.

On July 31, 1962, the trial judge entered an order wherein he found; there had been no material change in claimant's condition since the order of February 5, 1962, and denied claimant's claim for additional temporary total disability compensation and further medical treatment. On appeal to the Commissioners en banc, the July 31, 1962, order of the trial judge was vacated and the cause was remanded for further consideration.

On October 11, 1962, claimant filed a motion to re-open on change of condition for the worse. A hearing was had and on December 27, 1962, an order was entered by the trial judge, the pertinent part of which is as follows:

"* * * That since the order of February 5, 1962, claimant has suffered a change of condition for the worse due to the injury of November 4, 1961, and that, due to said change of condition for the worse, claimant is in need of further medical treatment, care, and attention, and is entitled to compensation for temporary total disability to be paid as follows: Compensation at the rate of $33.60 per week from date claimant reports for treatment, and to continue for and during claimant's period of temporary total disability, not to exceed 300 weeks, or until further order of this Court; that claimant is entitled to be furnished such medical attention as may be necessary for correction of his condition due to said injury, at the hands of a competent physician to be selected by respondent or insurance carrier.

"IT IS THEREFORE ORDERED that respondent or insurance carrier pay to claimant the compensation for temporary total disability from date claimant reports for treatment and continue the payment of compensation to claimant at the rate of $33.60 per week, for and during claimant's period of temporary total disability, not to exceed 300 weeks or until further order of this Court, and that respondent or insurance carrier furnish claimant such medical treatment as may be necessary for correction of his condition due to said injury by a competent physician, same to be selected by respondent or insurance carrier."

On appeal to the Commissioners en banc, the above order was affirmed and claimant has filed his Petition for Review in this Court challenging said order.

Claimant contends 'that the order of December 27, 1962, which was affirmed by the Commissioners en banc, imposes a condition precedent to the beginning of payment of compensation for temporary total disability and which "condition precedent" so imposed is and was contrary to law. Claimant does not challenge the correctness of the order awarding him further medical treatment and that portion of the order is not at issue in this appeal.

It seems to be the theory of the respondents that there was sufficient competent medical evidence upon which the trial tribunal could conclude that claimant was not then temporarily totally disabled, but that his condition had changed to the extent that he was in need of and should have further medical attention; and, that he would not be able to work during the period of medical treatment and would be entitled to compensation.

The evidence as to whether the claimant was temporarily totally disabled on which the trial tribunal based its order of December 27, 1962, is in conflict. Claimant's evidence was to the effect that he was totally disabled for ordinary manual labor, while respondents' evidence was to the effect he

was able to do ordinary manual labor. However, the trial tribunal failed to find whether the claimant was or was not temporarily totally disabled on or before the date of its order; but determined that claimant was entitled to compensation for temporary total disability from the date claimant reported for medical treatment.

We have consistently held that the State Industrial Court must make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation; and that where the findings of fact of the State Industrial Court and the order or the award based thereon are too indefinite and uncertain for judicial interpretation, the award will be vacated and the cause remanded for further proceedings. See McCarthy v. Forbes Painting & Decorating Co., 200 Okl. 555, 198 P.2d 212; Fischbach & Moore of Texas Inc. v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422; and Oklahoma City Tent & Awning Company v. Malson, Okl., 362 P.2d 971.

The principal issue formed in the proceedings below was whether claimant's condition had undergone a change of condition which required medical treatment, and if so, whether he was also temporarily totally disabled. Although the trial judge did find a change in condition with resulting need for medical treatment, no specific finding was made as to the character of disability, if any, claimant was then suffering.

We are unable to determine from the language employed in the findings as made, whether the trial judge intended to find that the claimant's condition, as a result of the change, did in fact, render him temporarily totally disabled in advance of medical treatment which was to be administered; or whether the medical treatment to be administered will occasion such disability. We can only conclude that the trial tribunal failed to make a finding upon an ultimate issue which was the extent of claimant's disability produced by the intervening change in his condition.

That portion of the order awarding claimant medical treatment is sustained. That portion of the award awarding temporary total disability from the date claimant reports for medical treatment is vacated and the cause is remanded to the State Industrial Court for the sole purpose of determining if claimant's change of condition, or the medical treatment, renders him temporarily totally disabled, and enter an award accordingly. See Richardson v. M. & D. Freight Lines, Okl., 322 P.2d 192.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.