Thelma L. WILES, Petitioner,

v.

CITY OF STROUD, State Insurance Fund and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40738.

Supreme Court of Oklahoma.

Sept. 15, 1964.

Dick Bell, Frank Seay, Seminole, for petitioner.

Mont R. Powell, Guy A. Secor, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

This is an original proceeding brought by petitioner, Thelma L. Wiles, hereinafter

referred to as claimant, to review an order of the State Industrial Court denying an award in a proceeding under the death benefit provisions of the Workmen's Compensation Law.

The evidence is that deceased, Don Carlos Oleson, was 56 years old at the time of his death on November 16, 1962. At that time he was employed by the City of Stroud as a police officer. He had been so employed intermittently for a period of 32 years, and had worked regularly for such city for more than 3 years preceding his death. One of his duties, in addition to regular police work, was to "shake" the doors of the business houses in the main part of town. This was done by grasping the door knob and/or lock with his hand and shaking the door to ascertain if the door was closed and locked. His hours of work were from 6 P.M. until 6 A.M.

Claimant testified that she was a half-sister of deceased and was his only dependent; that on the day of his death, he left the home the two of them shared about 5 P.M. for work; that at about 9 P.M. he returned in a police car; that she met him at the door. Her further testimony was that he was perspiring "an awful lot" and "said he was having lot of pain," and that "he told me he almost passed out while checking the doors down on the street, that he had a lot of hurting in his chest." She testified his color was "splotched", and that he staggered to the bathroom where he "passed out"; that she revived him by the use of spirits of ammonia and by washing his face and then she put him to bed. She called a doctor but deceased had expired before the doctor arrived.

The certificate of death recorded the cause of death to be heart failure due to coronary occlusion.

James Moss who had been employed by City of Stroud as a policeman for one and one-half years testified for respondent that his duties were the same as decedent's and his hours were from twelve noon to twelve midnight; that on the date of the death of Oleson the two of them met at the usual meeting place on the street around 6 P.M.; that he, Moss, was shaking doors when deceased came to work and that about 6:30 P.M. deceased took witness home to eat. He further testified that as deceased drove witness home he told him that "his arms were aching" and "that it was even into his hands". After deceased left witness at his home, he was to return to work and later pick up witness and the two of them would then continue their duties together. Deceased did not return for witness.

Dr. M testified for claimant. In response to a hypothetical question, Dr. M stated that in his opinion "that there was a causal relationship between Mr. Oleson's duties and his death, and it was the performance of his duties which was the immediate precipitation cause of death".

Dr. D, by written medical report, testified for respondent. In response to a hypothetical question, Dr. D stated that in his opinion deceased "died of a coronary heart attack and that physical activity or work had no possible bearing on the case and could not be regarded as a precipitating factor".

On submission of the case, the trial judge found that deceased was an employee of respondent on November 16, 1962, engaged in a hazardous occupation as defined by law, and that on said date by reason of stress, strain and exposure to dampness and cold deceased suffered an accidental injury arising out of and in the course of his employment consisting of a heart attack resulting in his death on said date, and that claimant was the sole and only dependent and awarded her $13,500.00.

On appeal, the Industrial Court sitting en banc vacated the order of the trial judge. The order on appeal is in part as follows:

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated, set aside and held for naught.

"IT IS THEREFORE ORDERED that the order of the Trial Judge here-

tofore entered in this case on June 3, 1963, be and the same is hereby vacated, set aside and held for naught; and claimant's claim is hereby denied."

It is claimant's principal contention that the order on appeal made by the Industrial Court sitting en banc was invalid because the court failed to make specific findings of the ultimate facts responsive to the issues as well as conclusions of law upon which the order denying claimant's claim was based.

With this we agree.

The order of the Industrial Court did not make any findings as to whether deceased did or did not sustain an accidental personal injury resulting in his death, or as to whether or not decedent's death arose out of and in the course of his employment. We are unable to determine whether the Industrial Court denied the claim because it found that claimant was not a dependent of deceased as urged by respondent herein on its appeal to the Industrial Court en banc.

■ We are committed to the rule that the Industrial Court is required to make specific findings of the ultimate facts responsive to the issues as well as conclusions of law upon which an order is made granting or denying an award to a claimant. Such findings should be sufficiently definite to enable this Court to pass intelligently upon the correctness or incorrectness of such orders.

■ Where the findings of fact and conclusions of law of the State Industrial Court are too indefinite and uncertain for judicial interpretation, this Court, on review, will vacate the order for further proceedings. See Bray v. State Industrial Court, Okl., 393 P.2d 232; and Brookshire v. Knippers Plumbing Company, Okl., 390 P.2d 887.

Respondents cite the case of McMurtrey v. American Association of Petroleum Geologists, Okl., 383 P.2d 215, as being in point. In that case, as in the instant case, the trial judge entered an order awarding

death benefits. The Industrial Court sitting en banc vacated and denied the award without making findings of fact as to any reason for denying the claim. Claimant there urged, among other things, that the Industrial Court erred in failing to make specific findings. We did not agree with that contention in that case. There, both in the proceedings before the trial judge and on appeal to the court en banc, the only question of fact was whether under the circumstances the employee's death arose out of and in the course of his employment. We said in the cited case:

"* * * Under the circumstances the claimant cannot reasonably fail to comprehend that the reason for denying the claim was because the injury did not arise out of and in the course of the employment."

For that reason, and others set forth in the opinion, we sustained the order denying an award in that case.

■ In the case at bar there was more submitted to the Industrial Court for its determination than just the question of whether the employee's death arose out of and in the course of the employment. Here, as distinguished from the McMurtrey case, employer and insurance carrier in their answer had denied that claimant's decedent received an accidental injury causing his death while employed by the City. * * *" In their appeal to the court en banc, they set forth the following as grounds for such appeal, "That said Order is contrary to the evidence introduced at said hearing, *and that said claimant failed to prove her dependence according to law,* and said Order is contrary to law." (Emphasis ours).

Respondents pressed the question of dependency in appeal to the court en banc. As noted, that court should have made specific findings of the ultimate facts responsive to that issue as well as the other issues involved.

The order made by the Industrial Court herein is too indefinite and uncertain for

proper judicial interpretation. Such order is vacated and the cause is remanded for further proceedings not inconsistent with the view herein expressed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.