Roy LEFFLER, Petitioner,

v.

McPHERSON BROTHERS TRANSPORT, Tri-State Insurance Company and the State Industrial Court, Respondents.

No. 40740.

Supreme Court of Oklahoma.

Oct. 20, 1964.

Childers & Keller, Oklahoma City, Ed Chapman, Bristow, for petitioner.

Owen Townsend, Robert E. Shelton, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

492

DAVISON, Justice.

On February 20, 1962, Roy Leffler, claimant, filed his first notice of injury and claim for compensation before the State Industrial Court alleging that on August 10, 1961, he sustained an accidental injury to his heart arising out of and in the course of his employment with McPherson Brothers Transport. On February 26, 1962, employer and its insurance carrier, Tri-State Insurance Company, filed an answer denying the alleged accidental injury, the nature and extent of claimant's alleged injury and any disability therefrom, and further denying that claimant gave notice of his alleged injury as required by law and therefore their rights had been prejudiced.

On May 29, 1963, a trial judge of the State Industrial Court entered an order finding that on August 10, 1961, claimant sustained an accidental injury arising out of and in the course of his hazardous employment with McPherson Brothers Transport "consisting of a heart attack brought about and directly resulting from overexertion and strain induced by unusually long, tedious hours of driving a heavily loaded truck and unusual circumstances involving the equipment being used;" found that claimant's wages were sufficient to entitle him to the maximum rate of compensation; found that employer had actual notice of the alleged injury therefore their rights had not been prejudiced and excused the requirement of formal notice as required by law; found that employer and its insurance carrier should be liable for all medical expense incurred by claimant and that as a result of the accidental injury claimant was permanently and totally disabled. The order was appealed to the Industrial Court sitting en banc. The order of the court en banc was as follows:

"On October 2, 1963, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the Trial Judge heretofore entered on May 29, 1963.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated, set aside and held for naught.

"IT IS THEREFORE ORDERED That the order of the Trial Judge heretofore entered in this case on May 29, 1963, be and the same hereby is vacated, set aside and held for naught and claimant's claim for compensation is hereby denied."

Claimant petitions this court for a review of the above order. For reversal of such order petitioner's principal contention is that the Industrial Court failed to make specific findings of the ultimate facts responsive to the issues as well as conclusions of law upon which the order denying his award was based.

Three issues of fact were raised then the answer was filed. The attorney for the respondents herein again specifically raised two of the issues at the hearing before the trial judge when he said:

"Well, there isn't much we can stipulate inasmuch as we have denied notice and the accident. * * *"

Both claimant and employer introduced evidence as to whether claimant gave notice of the alleged accidental injury. Claimant testified he had his heart attack around 2:00 o'clock A.M. on August 10, 1961; that around 2:30 o'clock P.M. of the same day, on his return from his trip of hauling oil, he was asked by one of his employers, Clyde McPherson, how he felt; that McPherson remarked that claimant looked "pretty well pooped;" that McPherson asked "what was the matter with you?" that claimant told him he was hurting, that his arm, chest and shoulder were hurting; that McPherson told him he had better go home and go to bed; that claimant's wife called McPherson on the day claimant was admitted to the hospital. Clyde McPherson testified that when claimant returned from his trip on August 10, 1961, claimant told him he had a pain in his arm, that he said he felt "kind of bad" and that he told claimant "well, you had better go home and get rested up. You are supposed to go again

in the morning * * *;" that he didn't see claimant again for "maybe five weeks;" that claimant didn't tell him that the work he had done on August 9th or 10th had caused his heart attack; that claimant didn't ask for medical treatment or compensation.

Claimant testified that he left the yard of McPherson Brothers in Tulsa around 3:00 o'clock A.M. on August 9th, drove his truck loaded with asphalt to Sallisaw, unloaded the asphalt, then drove to Hugo arriving there around 2:00 o'clock P.M.; that it took around 15 hours to load his truck with oil; that he had to hook hose from the truck to the storage tank to load; that he had to go up and down on the truck approximately "25 to 30" times to check the hose, etc.; that around 2:00 o'clock A.M. on August 10th he had pains in his chest and left arm; that he finished loading his truck; that because of the way the trailer was hooked up to the truck, the truck steered very hard; that he did not get to sleep or rest during the 36 hour period he was on his trip.

Kenneth R. Nelson, a co-employee, testified for McPherson Brothers. He said that he arrived at Hugo around 3:00 o'clock P.M.; that at that time claimant was sitting on the dock with his shoes off talking to another person; that claimant was not engaged in loading his truck; that no hoses were connected to claimant's truck at that time; that he told claimant that if he wasn't going to load his truck to move it out of the way so that he, witness, could load his truck; that claimant moved his truck from the loading spot; that claimant did not climb upon the truck; that during the time he was loading his truck claimant "laid down" on the grass "and went to sleep;" that claimant went to sleep around 7:00 o'clock P.M. and slept until 2:00 A.M. the next day; that witness and another person loaded claimant's truck and that claimant did not help at all.

Drs. B and Mc testified by written reports for claimant stating it was their opinion that claimant suffered a myocardial infarction precipitated by exertion and long hours without sleep. Dr. D testified for McPherson Brothers by written report stating it was his opinion the physical activity of claimant at the time of the initial chest pain did not bring on the attack.

▮ There is conflicting evidence on each of the issues of fact. This court has held many time that it will not review conflicting evidence on nonjurisdictional questions to determine weight and value thereof. Bray v. State Industrial Court, Okl., 393 P.2d 232; Socony Mobil Oil Co., Inc. v. Cox, Okl., 372 P.2d 8. Since the evidence was conflicting on the issues of fact, it was incumbent upon the lower court to resolve such questions of fact.

It did not set forth the basis for denying claimant's claim. We are unable to determine whether the claim was denied by the Industrial Court because it found that claimant did not sustain an accidental personal injury arising out of and in the course of his employment with McPherson Brothers, or that he did suffer such an accidental injury but sustained no disability therefrom, or that he did sustain an accidental injury and suffered disability as a result thereof but failed to give the notice required by law.

In the case of Fischbach & Moore of Texas, Inc. v. State Industrial Commission, 201 Okl. 170, 203 P.2d 422, we said:

"' * * * We must know what a decision means before the duty becomes ours to say whether it is right or wrong.' * * *"

▮ The Industrial Court is required to make specific findings of the ultimate facts responsive to the issues as well as conclusions of law upon which an order is made granting or denying an award. Such finding should be sufficiently definite to enable this court to pass intelligently upon the correctness or incorrectness of such order, and if they are too indefinite and uncertain for judicial interpretation this court, on review, will vacate the order for further proceedings. Wiles v. City of Stroud,

Okl., 395 P.2d 404; Bates v. State Industrial Court, Okl., 394 P.2d 529; Bray v. State Industrial Court, supra; Brookshire v. Knippers Plumbing Co., Okl., 390 P.2d 887.

 The order herein is too indefinite and uncertain for proper judicial interpretation. Therefore it is vacated and the cause remanded for further proceedings not inconsistent with the views heretofore expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.