Abner Dean HOWLAND, Petitioner,

v.

DOUGLAS AIRCRAFT COMPANY, Inc., Industrial Indemnity Company and the State Industrial Court, Respondents.

No. 42399.

Supreme Court of Oklahoma.

Jan. 30, 1968.

Aden M. Brown, Floyd L. Walker, Tulsa, for petitioner.

Sanders, McElroy & Whitten, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

DAVISON, Justice.

There is presented here for review an order of the State Industrial Court denying the claim of the petitioner, claimant below, for compensation against the respondents. Parties will be referred to as they appeared before the State Industrial Court. The trial court found that claimant "did not suffer an accidental personal injury, arising out of and in the course of his hazardous employment with the respondent; and therefore, claimant's compensation is denied." The order of the trial court was affirmed by the State Industrial Court sitting en banc.

Claimant filed his Form 3 on September 30, 1966, stating that while employed by the respondent, Douglas Aircraft Company, on or about November 10, 1965, at its plant in Tulsa, Oklahoma, he was lifting a 200 pound tool box and strained his

back. At the trial claimant testified that he could not remember the exact date he was injured but it was during the latter part of October or first part of November, 1965. He continued working for respondent until about September 20, 1966. Respondent, Douglas Aircraft Company, admits that claimant was employed by it on November 10, 1965, but denies that claimant sustained an industrial accident and alleged it received no notice of an alleged accident within 30 days as required by statute.

Epitomized the evidence introduced before the trial judge is as follows:

Claimant testified that on or about November 10, 1965, he and a fellow employee, Lloyd Thompson (not called as a witness) were lifting a box weighing in excess of two hundred pounds. He felt a pain in the lower part of his back. He continued working for several hours and then reported to the dispensary or first aid station at the Douglas plant where he was administered heat treatments. He reported to the dispensary the following day and was examined by Dr. R, a staff doctor employed by respondent.

The dispensary at the Douglas plant furnishes medical care to employees regardless of whether the complaint involves an industrial accident or nonindustrial disability.

Claimant first testified that when he reported to Alberta Weaver, the nurse attendant at the dispensary, he told her that he "had a pain in my back." After several leading questions by his attorney he said, "I told her that I was having pain in my back and I thought it started while I was lifting."

He testified that he reported the incident within a few days after it occurred to James Whisenhunt the "lead man" in the crew in which he was working. Respondent Douglas admits that the "lead man" in the crew was the proper party to whom an accident report should be made. Claimant testified that in January, 1966, he reported the incident to Fred Hansen, another "lead man" employed by respondent Doug-

las. He continued working for the respondent until September 19, 1966, when he was examined and x-rayed by Dr. D, another staff doctor employed by respondent. He was dismissed from further employment. During the period of his employment claimant was a patient in the dispensary on approximately ten occasions. At least six of these visits related to back complaints. He was furnished heat treatments and pills for the relief of pain.

The records of the dispensary were identified by nurse Alberta Weaver and admitted in evidence. She interpreted the records and testified that at no time while claimant was being treated at the dispensary did he state that his back pains were caused by lifting in connection with his work. She testified that she always secures a history from a patient when admitted to the dispensary for the purpose of determining if the complaint involves an accident claim or a nonindustrial claim; that claimant gave no history of having sustained a back injury; that upon his first admission to the dispensary claimant stated that the night before he had a pain in his back which became worse when he was getting out of bed the next morning; that at the time claimant was being examined by Dr. D on September 19, 1966, when he was dismissed, he made no complaints of having sustained an injury but stated that his pain commenced the day before after he had driven on a 500 mile automobile trip. Nurse Weaver at all times treated the claimant as a "nonindustrial" patient.

She testified that "industrial" and "nonindustrial" patients received the same treatment in the dispensary and she had received no instructions from respondent to slant her findings so as to bring a patient within either category.

The report of Dr. R of his examination of the claimant upon his first admission to the dispensary states that claimant in his history said, "that he had been working overtime with his arms above shoulder level and doing lots of pushing, Pulling, etc.,

and had developed a back ache." Dr. R in his notes on the report states, "Has no injury, such as falls, twist etc."

James Whisenhunt testified that at the time of claimant's alleged injury he was not employed by the respondent as a "lead man" and claimant at that time made no report to him of having sustained an injury to his back. He was employed as "lead man" after January 1, 1966, and testified that during the year 1966 claimant complained to him several times of having a pain in his back which originated from lifting.

With the exception of facts stated in the history furnished by the claimant there is nothing in the medical reports indicating that claimant's back disability resulted from a back strain occurring in an industrial accident.

■ The evidence, although conflicting, is sufficient to sustain the findings of the State Industrial Court that claimant "did not suffer an accidental personal injury arising out of and in the course of his hazardous employment with respondent." We are committed to the rule that the question of whether an injury arose out of and in the course of employment is one of fact to be determined by the State Industrial Court under the circumstances of each particular case and where there is competent evidence, although conflicting, reasonably tending to support the determination of the trial court such decision is binding on this court and will not be disturbed on appeal. McMurtrey v. American Ass'n of Petroleum Geologists, Okl., 383 P.2d 215; Travis v. Oklahoma City Linen Service, Okl., 361 P.2d 182. Title 85 O. S. 1961, § 26.

Petitioner urges that the order of the State Industrial Court denying compensation is too indefinite to be capable of judicial interpretation citing, Gleason v. State Industrial Court, Okl., 413 P.2d 536; Leffler v. McPherson Brothers Transport, Okl., 396 P.2d 491; Wiles v. City of Stroud, Okl., 395 P.2d 404; Bates v. State Industrial Court, Okl., 394 P.2d 529; Butts v. Rose Drilling Co., Okl., 304 P.2d 986; Special Indemnity Fund v. Knight, 201 Okl. 24, 200 P.2d 766.

We do not recede from the principles of law declared in the cases cited but the cases are not applicable to the present case. The question for determination in each of the above cited cases was whether the findings of fact and conclusions of law contained in the orders of the State Industrial Court were capable of judicial interpretation. In each of said cases we held that orders and findings were vague and incapable of proper and correct judicial interpretation.

■ In the instant case the important and only necessary question of fact for the determination by the trial tribunal was whether or not under the evidence presented the injury asserted by the claimant arose out of and in the course of his employment. The State Industrial Court made a specific finding "that claimant did not suffer an accidental personal injury arising out of and in the course of his hazardous employment with respondent." Such finding is sufficiently definite to apprise the claimant of the reason for denying his claim. No error was committed here. McMurtrey v. American Ass'n of Petroleum Geologists, supra.

■■ Claimant contends that prejudicial error was committed by the trial court in admitting in evidence the ex parte written report of Dr. W, respondent's doctor, in the absence of an agreement or waiver on the part of the claimant. The report of Dr. W was received by the State Industrial Court on January 11, 1967. On the same day the trial judge entered an order denying the claimant compensation. There is no evidence that the claimant agreed to the admission of the report or waived his right to cross-examine the doctor. Under these circumstances the admission of the report was clearly error. McSperitt v. Sooner Service, Inc., Okl., 431 P.2d 443; Richardson v. M & D Freight Lines, Inc., Okl., 322 P.2d 192. This court, however, has also held that the erroneous admission

of the report does not constitute prejudicial error requiring a reversal of the case if the information contained in the report is merely cumulative or the admission of the report is "harmless in effect." Aldridge Hotel v. Ford, Okl., 425 P.2d 954; Richardson v. M & D Freight Lines, Inc., supra.

In the instant case the erroneous admission of the ex parte report of Dr. W was patently "harmless." The report of Dr. W went only to the extent of claimant's alleged injury, in which report it was stated that claimant had a permanent partial disability to the body as a whole of two percent. The decision of the trial court denies the claim for the reason that claimant did not suffer an accidental injury arising out of and in the course of his employment. The question of the extent of claimant's disability was not involved and it is obvious that there was no need for the court to consider the medical evidence. The admission of the report was "harmless in effect" and does not require a reversal of this case.

Order sustained.

All the Justices concur.