2003 OK 7

Otis HAMMONS, Petitioner,

v.

OKLAHOMA FIXTURE COMPANY
and the Workers' Compensation
Court, Respondents.

No. 97,262.

Supreme Court of Oklahoma.

Feb. 4, 2003.

William T. McKee, Law Offices of William
T. McKee, PLC, Tulsa, OK, for Petitioner.

Larry C. Brawner, R. Dean Lott, Brawner Law Office, Oklahoma City, OK, for Respondent.[1]

OPALA, V.C.J.

¶ 1 The dispositive issues on certiorari are whether the Court of Civil Appeals [COCA] (1) was *correct* in *implicitly declaring* a failure of competent proof to support the panel's order that denied claimant's quest for permanent total disability [PTD] and (2) *erred* in directing that on remand benefits be awarded to the claimant (based on his evidence) without first affording the employer an opportunity to supply the COCA-found void in its medical proof. We answer both questions in the affirmative.

## I

### THE ANATOMY OF LITIGATION

¶ 2 Otis Hammons (claimant) was adjudicated in 1997 permanently partially disabled from an injury to his lungs while working for Oklahoma Fixture Company (employer).[2] On claimant's 1997 and 1999 motions to reopen the claim, the trial tribunal awarded him increased permanent partial disability [PPD] benefits.[3] In 2001 claimant pressed for PTD status. At the hearing he interposed a probative-value objection to employer's *lone* medical report. The trial judge overruled claimant's objection and denied his PTD quest. Because he found that claimant had a *significant pre-existing component of lung-related impairment occasioned by smoking,* the trial judge ruled claimant was

not permanently totally disabled *as a result of his work-related injury alone.*[4] This order was adopted by a three-judge review panel. Claimant then sought corrective relief from the panel's order. Vacating that order, COCA (a) *concluded* there was no competent proof to support the panel's finding that claimant's pre-existing impairment from smoking is so significant in its *effect* on the PTD status as to defeat his quest and (b) *remanded* the claim to the trial tribunal *with directions to enter a PTD award* (to be based on claimant's expert proof in the record).

¶ 3 On certiorari granted upon the employer's petition, we now *vacate* COCA's opinion as well as the panel's and the trial judge's orders and, for the reasons to be stated, *remand* the claim for further proceedings before the trial judge.

## II

### AN ORDER OF THE WORKERS' COMPENSATION COURT WHICH RESTS ON A CRITICAL FINDING OF FACT THAT IS UNSUPPORTED BY COMPETENT EVIDENCE ADDUCED BEFORE THE TRIAL TRIBUNAL MUST BE VACATED ON REVIEW AS UNRESPONSIVE TO THE PROOF DEVELOPED IN THE COURSE OF PROCEEDINGS

#### A.

##### *The Statutory Mandate*

¶ 4 The issues to be resolved in compensation cases are ordinarily formed by

---

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

2. The trial judge issued his 28 January 1997 order for 22% PPD to the body as a whole from a work-related injury to the lungs sustained 1 March 1996 (*"over and above"* an **11% impairment** from claimant's smoking).

3. On 23 January 1998 claimant was found to have suffered a change of condition for the worse, resulting in an increase of **5% PPD** to the lungs.

On 20 March 2000 claimant was found to have suffered another change of condition for the worse, resulting in increased PPD–17% PPD to the lungs *"over and above"* the 27% previously awarded (for a **total of 44% PPD** for this injury

alone) *"over and above"* an 11% impairment to the lungs from smoking (*"over and above"* 11% previously found due to smoking for a **total of 22% impairment**).

4. The trial judge's order, entered 12 October 2001, states in pertinent part:

   "THAT the Court is persuaded that claimant is incapable of returning to gainful employment. In light of the **significant pre-existing component of claimant's lung-related disability**, however, the court finds that claimant is not permanently totally disabled as a result of his work-related injury standing alone." (emphasis added).

   The trial judge also found the claimant was in need of several prescription and over-the-counter drugs for the treatment of his work-related injury.

the evidence,[5] as well as by the required written materials [6]. The Workers' Compensation Court is required to make specific, on-the-record [7] findings of ultimate facts responsive to the issues shaped by the evidence upon which its order is to be rested.[8] *85 O.S.Supp.2001 § 26.* When an order rests on a critical fact that is unsupported by competent evidence adduced before the trial tribunal, (a) it must be *vacated* on review as *unresponsive* to the proof developed during the proceedings and (b) the claim must be *remanded* for proceedings that will ultimately culminate in an order which meets the law's standards for a judicially acceptable decision.[9]

## B.

### The Panel's Order Cannot Stand for Want of a Crumby Finding

■ ¶ 5 The Workers' Compensation Court's finding that denies the claimant a PTD status is based on the *presence of pre-existing conditions* unrelated to the accidental harm in contest which militate against conferring a PTD award. COCA's opinion correctly concludes there is here no competent medical evidence to support the panel's order of PTD denial. This is so because entirely missing from the employer's medical report is a *rated assessment* of the *effect*, if any, upon the claimant's alleged capacity status (PTD) from the *interplay* of his compensable harm with the unrelated pre-existing conditions.[10] By *"effect"* we refer to **that component** of claimant's total disability from *pre-existing impairments* **which may (or may not)** *contribute to* **his current condition and which** *has an effect on* **(or does not affect) his present capacity for work.** That element of the evaluation process is known in the language of the compensation bar as a *Crumby finding.*[11]

¶ 6 The employer's *lone* medical report (admitted in evidence) notes that claimant had been awarded PPD in 1997, 1998 and 2000.[12] The text then opines that claimant had sustained neither a change of condition for the worse nor any impairment "over and above" that which had been *previously*

5. *PFL Life Ins. Co. v. Franklin,* 1998 OK 32, ¶ 24, 958 P.2d 156, 166; *Benning v. Pennwell Publishing Co.,* 1994 OK 113, ¶ 7, 885 P.2d 652, 655; *Leffler v. McPherson Brothers Transport,* 1964 OK 225, ¶ 12, 396 P.2d 491, 493; *Wiles v. City of Stroud,* 1964 OK 190, ¶ 13, 395 P.2d 404, 406; *Bowling v. Blackwell Zinc Co.,* 1959 OK 263, 347 P.2d 1024, 1025.

6. The phrase "written materials" refers to the forms required for filing by the Rules of the Workers' Compensation Court, 85 O.S.2001, Ch. 4, App.

7. An "on-the-record" finding (or conclusion) is one that is apparent from an inspection of the trial tribunal's "face of the proceedings" (a counterpart of the district court's "judgment roll"). *Union Indemnity Co. v. Saling,* 1933 OK 481, 26 P.2d 217, 226, 166 Okl. 133; *Dyke v. Saint Francis Hosp., Inc.,* 1993 OK 114, ¶ 22, 861 P.2d 295, 302–303.

8. The compensation law's provisions that have remained in force since that law's earliest enactment in 1915 direct that the trial tribunal "shall make or deny an award" upon due consideration of the proof and of the applicable principles of law that govern the proceeding, "together with a statement of its *conclusions of fact and rulings of law.*" Okl.Sess.L.1915, Ch. 246, S 10, p. 480 (emphasis added). The quoted language, substantially unchanged, is now found in 85 O.S. 2001 § 26. *Red Rock Mental Health v. Roberts,* 1996 OK 117, ¶ 19, 940 P.2d 486, 492; *Benning, supra* note 5 at ¶ 7, at 655; *Leffler, supra* note 5 at ¶ 12, at 493; *Wiles, supra* note 5 at ¶ 13, at 406; *Corzine v. Traders Compress,* 1945 OK 345, ¶ 8, 164 P.2d 625, 626, 196 Okl. 259.

9. *Benning, supra* note 5 at ¶ 7, at 655; *Wiles, supra* note 5 at ¶ 14, at 406; *Bates v. State Industrial Court,* 1964 OK 170, ¶ 10, 394 P.2d 529, 531; *Bray v. State Industrial Court,* 1964 OK 70, ¶ 25–26, 393 P.2d 232, 236; *Brookshire v. Knippers Plumbing Company,* 1964 OK 67, ¶ 7, 390 P.2d 887, 889.

10. *See J.C. Penney Co. v. Crumby,* 1978 OK 80, 584 P.2d 1325 (the court vacated the PTD award against the employer because the trial judge had not determined the extent of claimant's pre-existing disability at the time of her injury).

11. The term *"Crumby finding"* refers to a *rated assessment* by the Workers' Compensation Court of the *quantum of pre-existing unrelated impairments* suffered by a claimant at the time the work-related injury occurred. *The Crumby finding has two components.* The trial tribunal must *rate* (1) claimant's *pre-existing unrelated impairments* as well as (2) *the impact,* if any, the compensable injuries may have had upon claimant's pre-existing disability. *Crumby, supra* note 10.

12. For the 1997, 1998 and 2000 awards, see *supra* notes 2 and 3.

*awarded,*[13] concluding that claimant is not permanently and totally disabled (based on his age, education, training and work experience) and may return to work.[14] The report's vice lies not in providing *defective proof* but rather in its utter *failure of showing* the *extent* of claimant's prior (unrelated) disability and the *compensable injury's impact,* if any, on the claimant's prior impairments.[15] Because the panel's decision, now on review, is based on an underlying (trial judge's) order that lacks support in competent proof, the panel's order cannot stand.[16]

### C.

### COCA Erred in Directing That on Remand an Award Be Made To Claimant for PTD Benefits

¶ 7 Employer argues on certiorari that COCA's *vacation* of the panel's order and the claim's *remand* with directions to award claimant PTD benefits (for want of employer's medical evidence to support the panel-ordered denial) constitutes an impermissible *"Perlinger* jackpot award."[17] Rely-

ing on the teachings of *Gaines v. Sun Refinery and Marketing,*[18] employer urges *that, at the very least, the claim should be remanded for proceedings before the trial judge.* According to claimant, the relief employer seeks would amount to another opportunity for its medical expert to rewrite the report in order to provide the missing link necessary to meet the arguments now raised on review.

¶ 8 When COCA implicitly declared (contrary to the decision by the trial judge and that of the panel) the employer's medical proof insufficient to support the trial judge's denial of PTD and directed that on remand an award be entered for the claimant (based solely on the latter party's medical proof), it gave the claimant the advantage of a so-called *"Perlinger* jackpot award."[19] *Perlinger* sanctions the practice that once allowed a party to defer interposing its specific objection to the opposing party's medical evidence until the decision's intra-court re-examination (by appeal to the panel) or until the review stage of the proceedings (before an appellate court). If the objecting party's challenge

13. *Id.*

14. The report further concludes that claimant's period of temporary total disability had ended and that he needed no further medical care or maintenance.

15. **Claimant argues** that because he specifically objected to employer's medical proof, as required by *Gaines v. Sun Refinery and Marketing,* 1990 OK 33, 790 P.2d 1073, COCA correctly vacated the panel's decision and remanded with directions. **According to employer,** claimant's failure to make a *proper objection bars appellate and certiorari review* of the trial judge's error in admitting the report. *Both of these arguments are legally flawed.* This case does not present for review an *incorrect admission* or *exclusion* of evidence, but rather addresses itself to the *reviewing court's power to test a critical finding that is unsupported by competent evidence.* The *Gaines* teaching that calls for a "proper objection" *does not apply* when, as here, there is a *vacuity* of proof necessary to support an award. The scenario before us in this claim is to be *distinguished* from situations in which adduced proof is deemed *inadmissible* or *otherwise legally defective.* It is the latter *(inadmissible or defective proof)* that must be "properly objected" to in order to preserve for review an error in its admission or rejection. *Claimant's attack here targets a critical finding that lacks any support in competent evidence.* To claim error in a finding that is *unresponsive to the adduced evi-*

*dence,* one need not make an antecedent in-trial objection. **Counsel are expected *neither* to anticipate the trial tribunal's findings *nor* to make presubmission objections to findings not yet made.** If the law were to so require, its command would *clearly offend due process* within the meaning of Art. 2, § 7, Okl. Const. *Counsel would be compelled to forecast the trial tribunal's findings even before they receive due notice of their entry.* Because we are not at all concerned here with the specificity of claimant's evidentiary objection, we express no opinion on employer's complaint against claimant's use, on review, of a different argument to support the sufficiency of his in-trial objection from that which he advanced before the Workers' Compensation Court.

16. Because this claim is remanded on other grounds, we need not decide whether claimant's medical evidence does have or lacks probative value. It suffices to say that the critical ratings required for a *Crumby* finding are absent from the text of the report by the employer's expert.

17. *Perlinger v. J.C. Rogers Const. Co.,* 1988 OK 33, 753 P.2d 905, 907. For a discussion of the *Perlinger* "jackpot rule," see ¶ 8, *infra.*

18. *Supra* note 15.

19. *Perlinger, supra* note 17, at 907.

was successful on review, its own medical proof would be deemed the only competent expert evidence in the record, which would then be utilized in disposing of the claim.[20] The *demise* of this practice came with the teaching of *Gaines*.[21] COCA's direction to enter, on this cause's remand, an award for the claimant clearly resurrects the now-defunct "jackpot rule." The latter no longer constitutes a correct exposition of Oklahoma's compensation jurisprudence. The employer is most assuredly entitled to an opportunity to rehabilitate its medical evidence by supplying the probative link which COCA implicitly found to be absent.

¶ 9 We accordingly hold that *in this case* the § 26 mandate together with the teachings of *Gaines* and *Crumby* require that (a) the claim be *remanded* for further proceedings before the trial judge and (b) *the employer be extended the opportunity to rehabilitate its COCA-condemned medical report* by replacing it with one that would prove defect-free.[22]

### III

### SUMMARY

¶ 10 A finding of ultimate facts that are *responsive to the adduced evidence* is an indispensable prerequisite for an order (or award) by the Workers' Compensation Court. Because the trial judge's critical finding is unsupported by competent evidence developed in the course of the claimant's PTD-quest hearing, the panel's order may not stand.

¶ 11 Critical but entirely missing from the employer's medical report is a **rated assessment** of the effect, if any, upon the claimant's alleged capacity status (PTD) from the **interplay** of his compensable harm with the unrelated pre-existing conditions. When, on COCA's review, the employer's lone medical report *was correctly declared to be insufficient* and the panel's order vacated, the employer should have been afforded a post-remand opportunity to (a) *produce* a detailed evaluation of the effect, if any, claimant's compensable disability may (or may not) have had on his pre-existing condition and (b) *explain* the compensable as well as noncompensable impairment's impact on the claimant's present capacity for work. COCA's direction that on remand claimant be awarded PTD benefits *solely* upon his medical report in the record offends the teachings of both *Gaines* and *Crumby*.

¶ 12 On certiorari granted upon the employer's petition, the Court of Civil Appeals' opinion as well as the trial judge's and the three-judge panel's orders are vacated; the claim is remanded for further proceedings *before the trial judge* to be conducted in a manner consistent with today's pronouncement.

¶ 13 **ALL JUSTICES CONCUR.**

---

**20.** Whenever the reviewing court held an employer's or claimant's medical evidence to be fatally flawed, the trial tribunal was directed to enter an award or order based upon the opponent's competent evidence in the record. *Perlinger, supra* note 17, at 907; *Gaines, supra* note 15 at 1080–1081.

**21.** *Gaines, supra* note 15, at ¶¶ 22–24, 1080–81, overruled the "jackpot rule" in *Perlinger (supra* note 17 at 907) and in *LaBarge v. Zebco*, 1988 OK 147, 769 P.2d 125.

**22.** When the trial judge's decision was found to rest on a flawed, yet curable, medical report this court has in numerous instances remanded a claim for its re-examination by the trial tribunal. *See, e.g., Wheat v. Heritage Manor*, 1989 OK 160,

¶ 12, 784 P.2d 74, 79; *Gaines, supra* note 15; *Zebco v. Houston*, 1990 OK 113, ¶ 12, 800 P.2d 245, 248; *Houston v. Zebco*, 1991 OK 125, ¶ 6, 821 P.2d 367; see also *Whitener v. South Cent. Solid Waste Auth.*, 1989 OK 62, ¶ 2, n. 2, 773 P.2d 1248, 1249. After a compensation order is vacated and the cause remanded, the claim stands before the trial tribunal as though it had never been adjudicated before, except, of course, for those legal questions that came to be settled by the appellate pronouncement. *George E. Failing Co. v. Watkins*, 2000 OK 76, ¶ 12, 14 P.3d 52, 57; *Adams v. City of Anadarko*, 1949 OK 52, ¶ 4, 210 P.2d 151, 152. *See in this connection Seymour v. Swart*, 1985 OK 9, ¶ 8, 695 P.2d 509, 513.