2005 OK CIV APP 42

**Barry LATSCHAR, Petitioner,**

v.

**STEEL QUEEN, INC., and Federated Mutual Ins. Co., Respondents.**

**No. 101,524.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 24, 2005.

Jeffrey M. Cooper, Homsey, Cooper, Hill & Associates, Oklahoma City, OK, for Petitioner.

Angela Reinstein, Pierce Couch Hendrickson Baysinger & Green, Oklahoma City, OK, for Respondents.

KEITH RAPP, Vice Chief Judge.

¶ 1 Barry Latschar (Claimant) appeals the decision of the Three–Judge Panel of the Workers' Compensation Court (Panel) in favor of Steel Queen, Inc. (Employer) and its insurer rejecting his claim for temporary disability benefits and injury to his right hand.

## BACKGROUND

¶ 2 Claimant sustained a work-related injury to his neck in April of 2003, when he slipped while carrying a heavy die to a press brake. The trial court appointed an independent medical examiner (IME) and Claimant eventually underwent surgery for his neck injury. Claimant has received benefits and treatment for the neck injury and that is not contested.

¶ 3 Claimant also complained to the IME of pain radiating into his arms and hands. When the IME was appointed, Claimant reserved that issue and the IME specifically did not evaluate any hand injury. However, the IME's report noted the complaint, as well as Claimant's pre-injury treatment to his hands for carpel tunnel syndrome (CTS) in 2001. Subsequent reports from the IME dealt with Claimant's progress. The IME eventually released him as having reached maximum medical improvement on June 14, 2004. One of the interim IME reports recommended that Claimant be referred to a hand specialist for further evaluation.

¶ 4 On June 15, 2004, Employer moved to terminate temporary disability benefits and further denied that any hand injury of Claimant was work-related.

¶ 5 Claimant testified at trial regarding his hand problems. He admitted having been treated and diagnosed for CTS in 2001, but maintained that he had no further problems until the present accident. Claimant's medical evidence consisted of the IME reports. Employer objected to the probative value of the reports. Employer offered a medical report, without objection, stating that Claimant's hand problem was due to preexisting condition and was not a work-related injury.

¶ 6 The trial court ruled in favor of Claimant and Employer appealed to the Panel. The Panel reversed that portion of the order allowing temporary disability benefits and medical treatment for the hand. Claimant appeals.

## STANDARD OF REVIEW

¶ 7 Claimant's appeal argues only that he should be able to rehabilitate his medical report under the authority of *Hammons v. Oklahoma Fixture Co.*, 2003 OK 7, 64 P.3d 1108, as urged by the dissent in the Panel's decision. This presents a question of law. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1.

## ANALYSIS AND REVIEW

¶ 8 Claimant's position here necessarily concedes that the evidence before the trial court and the Panel was at least in conflict as to the question of whether the hand injury was work-related. Claimant points out in his Brief that the Panel "determined that Claimant's medical evidence was so lacking in competent proof" that it would not support a finding of a work-related injury.

¶ 9 Regardless of whether the specific language of the decision may be so characterized, the record tends to support the characterization of Claimant's medical evidence.

Thus, Claimant seeks respite from *Hammons.*

¶ 10 The issues in *Hammons* were "whether the Court of Civil Appeals: (1) was correct in implicitly declaring a failure of competent proof to support the panel's order that denied claimant's quest for permanent total disability [PTD] and (2) erred in directing that on remand benefits be awarded to the claimant (based on his evidence) without first affording the employer an opportunity to supply the COCA-found void in its medical proof." *Id.* at ¶ 1, at 1108. The Court ruled:

> When an order rests on a critical fact that is unsupported by competent evidence adduced before the trial tribunal, (a) it must be *vacated* on review as *unresponsive* to the proof developed during the proceedings and (b) the claim must be *remanded* for proceedings that will ultimately culminate in an order which meets the law's standards for a judicially acceptable decision.

*Id.* at ¶ 4, at 1109.

¶ 11 The factor distinguishing *Hammons* from Claimant's case here is that in *Hammons* the Workers' Compensation Court made a finding *denying* the claim when the *Employer's medical evidence was not merely defective, but utterly failed to show what it needed in order to qualify as proof.* Therefore, the Panel's decision lacked support in competent proof and failed. *Id.* at ¶ 6, at 1109–10. Although the Supreme Court agreed that the evidence failed to support the order, the Court did not agree that the remedy was to remand and enter a judgment for Claimant. Instead, the Court ordered the matter back to the Workers' Compensation Court to afford the Employer an opportunity to correct or "rehabilitate" its deficient medical evidence. *Id.* at ¶ 9, at 1111. Thus, the Workers' Compensation Court's decision in *Hammons* had no support in the evidence.

¶ 12 Here, the opposite is true. The Panel's decision does have support in competent evidence consisting of Employer's medical report and the IME's notations concerning Claimant's prior CTS. Moreover, Claimant bears the burden of proof, which was not met.

¶ 13 An alternative view that also denies Claimant the right to retry his case rests in prevention of fraud. In other words, in *Hammons,* the Court directed that the cause be returned to "rehabilitate" the employer's evidence in order to fix what would otherwise be an erroneous decision by the Workers' Compensation Court. Here, Claimant seeks to return the case in order to "rehabilitate" his evidence in order to overturn what is presently a correct decision.[1]

¶ 14 The situation before this Court is changed somewhat. *When this cause was before the trial judge* for decision, the decision reached did not, just as in *Hammons,* have evidentiary support. The Panel was faced with an apparently identical case but declined, with one dissent, to afford Claimant the same rights as afforded the employer in *Hammons.*

¶ 15 *Now,* as the case presents itself to this Court, the Panel's decision does have support in competent evidence consisting of Employer's medical report and the IME's notations concerning Claimant's prior CTS. Thus, the matter before this Court has the distinguishing factor set out above.

¶ 16 The question then would be whether the Panel erred as a matter of law when it denied Claimant the benefits of *Hammons.* On the surface, it would appear that Claimant should be afforded the same deference as given the Employer in *Hammons,* and if Claimant were in the same posture as the Employer in *Hammons,* then *Hammons* would be applied to his appeal.

¶ 17 However, the Panel is permitted by law to weigh the evidence of record and reach a conclusion contrary to the trial judge. This fact, together with the distinguishing factor set out above, also compels this Court

---

**1.** It is not certain that the Workers' Compensation Court would reverse the outcome, assuming Claimant could "rehabilitate" his medical evidence because then the evidence would simply conflict.

to hold that sufficient distinction exists between this case and *Hammons*, such that Claimant is not entitled to retry his case.

¶ 18 Thus, on the surface, it would appear that Claimant seeks only to be afforded the same deference as given the Employer in *Hammons*. However, this Court holds that sufficient distinction exists between the two situations, such that Claimant is not entitled to retry his case.

¶ 19 Therefore, the Panel's decision is sustained.

¶ 20 SUSTAINED.

GOODMAN, P.J., and STUBBLEFIELD, J., concur.