## M. T. SMITH & SON DRILLING CO. et al. v. COX et al.

No. 24009. Opinion Filed Jan. 24, 1933.

Rehearing Denied March 2, 1933.

Owen & Looney, Paul N. Lindsay, and J. Fred Swanson, for petitioners.

Paul F. Showalter and L. B. Kyle, for respondents.

OSBORN, J. This is an original proceeding to review an award made by the State Industrial Commission in favor of the respondent Paul F. Showalter, as an attorney fee, in a proceeding before the State Industrial Commission wherein R. R. Cox was claimant.

Omitting the formal portions thereof, the order is as follows:

"Now on this 3rd of August, 1932, this cause comes on to be considered on the application of Paul F. Showalter for the payment of attorney's fee from compensation heretofore awarded claimant, and on consideration of said application, having examined the records on file and being sufficiently advised in the premises, the Commission finds:

"That pursuant to hearings had, the Commission on the 23rd day of June, 1932, awarded claimant compensation for a period not to exceed 300 weeks at rate of $11.54 per week for permanent partial disability due to an injury sustained by claimant on the 18th day of February, 1930, and that at said hearings claimant was represented by Paul F. Showalter, attorney.

"The Commission is of the opinion: That, the sum of $253.88 is and represents a reasonable attorney's fee in this cause, and the testimony showing conclusively that the condition of the claimant is permanent, the period of disability will extend beyond 278 weeks, and that according to the American Table of Mortality, claimant has a life expectancy of ten years; that it would be in the furtherance of justice that 22 weeks' compensation at the rate of $11.54 per week be commuted to one lump sum and the amount, $253.88, be paid to Paul F. Showalter as attorney's fee, said sum to be paid from the latter end of the 300 weeks' period found due claimant.

"The Commission is further of the opinion: That should there be a change in the wage-earning capacity of claimant prior to the expiration of the 300 weeks' period for which claimant has been awarded compensation, whereby the rate of said compensation would be reduced to an amount less than $11.54 per week, respondent or insurance carrier would be entitled to full credit for such change or reduction on the amount of compensation paid or to be paid subsequent to proof of such change in claimant's wage-earning capacity.

"It is therefore ordered: That within 15 days from this date, respondent or insurance carrier herein pay to Paul F. Showalter the sum of $253.88. being 22 weeks' compensation at the rate of $11.54 per week, in settlement of attorney's fee incurred by claimant and allowed by the Commission, McElroy, Commissioner, said sum to be deducted from the latter end of the 300 weeks' compensation heretofore found due claimant; and

"It is further ordered: That should there be a change in the wage-earning capacity of claimant prior to the expiration of the 300 weeks' period for which compensation has been awarded, respondent or insurance carrier be given credit such change, provided the rate of compensation be reduced to an amount less than $11.54 per week."

It is apparent that the finding by the Commission was made under the "Other Cases" paragraph of section 13356, O. S. 1931, which is as follows:

"Other Cases: In this class of disabilities the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

By virtue of its statutory authority the Commission found that respondent R. R. Cox was permanently partially disabled, that he had a life expectancy of ten years, and that his disability would extend beyond 278 weeks. These being matters of fact, this court is not authorized to weigh the evidence upon which they were based. Its determination in this regard is final. Wise-Buchanan Coal Co. v. Ray et al., 157 Okla. 197, 17 P. (2d) 360.

The future jurisdiction of the Commission extends only to the degree of disability, and the increasing or decreasing of the amount of compensation. It appears in the face of the above order that the Commission has taken the proper precaution to protect the rights of petitioners, in the event of a decrease in the allowance of compensation to the respondent Cox.

The authority of the Commission to commute payments into lump sums is found in section 13365. O. S. 1931, which is, in part, as follows:

"* * * but the Commission may determine that all payment or payments may be made monthly or at any other period as it may deem advisable. The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice."

Petitioners contend that the above statute is not sufficient to give the Commission jurisdiction to enter the order hereinabove set forth. With this contention we cannot agree. In the instant case, the Commission found that the claimant, Cox, was permanently and partially disabled; consequently the case of Wise-Buchanan Coal Co. v. Ray. supra, which is relied upon by the petitioners herein. has no application, for the reason that the award in that case was for temporary total disability.

The statute vests in the Commission a wide range of discretion in the matter of commuting monthly payments or awards in-

to lump sum payments in the interest of justice.

In the instant case the Commission made an award payable on a weekly basis which would total $3,462. provided there is no subsequent increase or decrease in the amount of the monthly payments. Out of this sum it has awarded, to be paid in a lump sum, the amount of $253.88. It cannot be said that this constitutes an abuse of discretion on the part of the Commission, and in view of the order of the Commission allowing credit in any event for the sum paid, we cannot say that the order is not in the interest of justice.

The petitioners contend that the order of the Commission was illegal on account of the failure to give notice of the application and hearing for payment of attorney's fee, and constitutes a taking of petitioner's property without due process of law.

However, this contention has been heretofore settled by this court, in the case of Livingston Oil Corporation v. Henson, 90 Okla. 76, 215 P. 1057.

The petition to vacate the order of the State Industrial Commission is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ. concur. McNEILL, J., absent.