## STANDARD ROOFING & MATERIAL CO. v. WROTENBERRY et al.

No. 24418.   Nov. 21, 1933.

Shirk, Danner & Phelps, for petitioner.

Louis A. Fischl and Wilson & Beveridge, for respondents.

WELCH, J.  Original action by Standard Roofing & Material Company, a corporation, as petitioner, to review an order and award of the State Industrial Commission made and entered on December 28, 1932, wherein the Commission ordered payment of claimant's attorneys' fee in a lump sum. Claud Wrotenberry and State Industrial Commission of the state of Oklahoma are respondents.

The essential  facts are that on September 24, 1932, the claimant in the cause was awarded compensation at the rate of $18 per week for 500 weeks for a total permanent disability. Subsequently a motion was filed by the claimant's attorneys to set a reasonable attorneys' fee, and upon hearing had thereon the Commission made its order allowing the sum of $648 to claimant's attorneys as their fee, and commuting the same to a lump sum payment which was ordered to be paid within 15 days from the date of the order. The order contained the following provision:

"It is therefore ordered: That within 15 days from this date the respondent or its insurance carrier pay to the claimant's attorneys, Louis A. Fischl, Wilson & Beveridge the sum of $648 or 36 weeks' compensation at the rate of $18 per week, being the last 36 weeks of the award herein made in this cause on the 24th day of September, 1932, and which said sum is payable to the claimant's attorneys in a lump sum payment without discount, and that in all other respects said order of September 24, 1932, remain in full force and effect."

It is this order only which is sought to be reviewed herein.

The petitioner admits that the State Industrial Commission has authority to order the payment of attorneys' fee and to require that same be paid in a lump sum. It contends, however, that the order providing for attorneys' fees does not make any provision, or give any protection to it, in the event of a change in condition on the part of the claimant. In connection with this contention it calls our attention to the recent case of M. T. Smith & Son Drilling Co. v. Cox, 162 Okla. 301, 21 P. (2d) 496, wherein this court upheld such an order for payment of attorneys' fee.

It points out, however, that the order of the Commission in the Cox Case, supra, contains the following provision:

"It is further ordered: That should there be a change in the wage-earning capacity of claimant prior to the expiration of the 300 weeks' period for which compensation has been awarded, respondent or insurance carrier be given credit such change, provided the rate of compensation be reduced to an amount less than $11.54 per week."

It points further to the words of the court in that case wherein it is said:

"It appears in the face of the above order that the Commission has taken the proper precaution to protect the rights of the petitioners, in the event of a decrease in the allowance of the compensation to the respondent, Cox."

The suggestion is made that the order of the Commission in the instant case made no such provision, and urges that a provision of similar import should have been included in the Commission's order herein considered. The object sought by petitioner is that in case the total award herein should be decreased by reason of a change in claimant's condition, so that the last of the weekly payments would be less than $18 per week, petitioner would receive credit on the total amount to be paid for the full sum of $648, irrespective of the number of weeks or weekly payments which might or may be involved at the end of the award period, to make up such sum of $648.

The respondents in their brief consent that the order of the Commission herein may be changed to conform with petitioner's contention in this regard, and no good reason has been shown to us why the same should not be done under the circumstances here, and it appears that same should be done in the interest of justice in this case.

The order and award of the Commission is therefore affirmed, with directions, how-ever, to the State Industrial Commission that it insert in its order and make a part thereof, the following provision: It is further ordered: That if it should develop that by reason of a change of condition the employer herein should be required to pay a total amount of less than $18 per week for 500 weeks, it shall be entitled to a credit of $648 on the total amount to be paid, the same to be credited upon the last weekly payments which may be made hereunder, irrespective of the number of such weekly payments.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and BAYLESS and BUSBY, JJ., absent.