**J. E. MABEE, Inc., et al. v. ZIEMAN.**
No. 25110.   Feb. 27, 1934.

Lloyd J. Mullen, for petitioners.

J. T. Cheairs and Bliss Kelly, for respondents.

BUSBY, J. This is an original action to review an order and award of the State Industrial Commission. The award complained of was entered on motion of claimant to reopen, based upon the grounds of alleged change in condition after a previous award had been entered in the same case on the approval of an agreement between

the parties.

The petitioners in this action were respectively employer and insurance carrier before the Commission, and the respondent was the claimant. When not otherwise designated the parties will be referred to as petitioners and claimant, respectively.

An examination of the record discloses that on the 7th day of January, 1930, T. C. Zieman, a truck driver, while employed by the petitioner, J. E. Mabee, Inc., a drilling contractor, suffered an accidental personal injury to his back and hip while tearing down a boiler. The injury arose out of and in the course of claimant's employment. On the 7th day of February, 1930, the claimant filed his claim for compensation with the State Industrial Commission. While this was pending the insurance company voluntarily paid him compensation for temporary total disability in the sum of $486. On July 30, 1930, the petitioner and the claimant joined in the execution of an agreement on form 14 as prescribed by the Commission. This agreement was submitted to the Commission for approval and approved on the same day. In the subsequent portions of this opinion we shall refer to and analyze the contents of this agreement and the order approving the same. By the terms of the agreement and the order of approval, the claimant received $1,600 in compensation in addition to the $486 which had previously been paid him.

On August 18, 1932, the claimant filed with the State Industrial Commission a motion to re-open the case and award further compensation on the grounds that he had suffered a change of condition since the previous award due to the original injury. A hearing was held by the Commission on this motion at which the testimony of a number of witnesses was introduced. Thereafter, on September 21, 1932, the Commission entered the order complained of in this proceeding finding that the claimant had suffered a change of condition for the worse and had suffered a partial loss of earning capacity. In accordance with its finding, the Commission awarded compensation to the claimant for permanent partial disability for a period of 300 weeks at the rate of $18 per week, less the $1,600 paid under the previous award.

The petitioners admit in their brief that the evidence before the Commission amply supports the view that the claimant had suffered a change of physical condition for the worse. The evidence discloses that his physical condition had caused a loss of earning capacity. Petitioners, however, state the claimant was not entitled to additional compensation for permanent partial disability for the reason that he had not suffered an additional decrease in earning capacity as a result of change in physical condition. In this connection the petitioners point out that the award for compensation for permanent partial disability in this case is based upon the "other cases" clause in section 13356, O. S. 1931, and under that clause the amount of compensation to which he was entitled depends upon his loss of earning capacity.

The evidence introduced amply supports the view that the change in claimant's physical condition for the worse had caused an additional loss of earning capacity since the previous award. The petitioners, however, in effect assert that it is not proper to consider the force and effect of this evidence as establishing an additional loss of earning capacity. They take the position that the previous award entered upon the approval of the agreement on form 14 was based upon an agreement between the parties contained in such form 14 to the effect that the claimant then had no earning capacity. They say, in effect, that if he had no earning capacity at that time, he could not have suffered an additional loss of earning capacity no matter how much worse his physical condition may have become since the previous award was entered. This argument is logical, but it is apparent that its importance in this case depends, in the first instance, upon the terms and conditions of the agreement which was previously approved by the Commission.

An agreement on form 14 as prescribed by the Commission and the approval by the Commission is authorized by the provision of section 13360, O. S. 1931. But it does not constitute a joint petition, and the approval thereof does not constitute a final settlement as contemplated by section 13391, O. S. 1931. C. E. Reynolds Drilling Co. v. Phillips, 163 Okla. 170, 22 P. (2d) 111. The provision of section 13360, authorizing such an agreement and the approval thereof, is as follows:

"If the employer and the injured employee shall reach an agreement as to the facts with relation to an injury, for which compensation is claimed under this act, a memorandum of such agreement, in form as prescribed by the Commission, and signed by both the employer and employee, may be immediately filed by the employer with the Commission, and if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto,

such agreement shall be approved by the Commission only when the terms conform to the provisions of this act."

This section contemplated that the agreement shall relate to the facts concerning the injury, from which facts as agreed upon the Commission may determine the amount of compensation to be paid. An examination of the agreement executed between the parties in the case at bar discloses that, in addition to the facts that it recited (or perhaps more accurately stated in **lieu of facts which should have been agreed upon**), a stipulation was contained to the effect that compensation in the sum of $1,600 in addition to the amount previously paid should be allowed claimant. We quote the portion of the agreement referred to:

"This agreement is for payment of two thousand and eighty-six dollars of which amount four hundred and eighty-six dollars has been paid as temporary total disability and the balance to be paid in a lump sum."

The description of the injury is stated as "injured back." After the printed query appearing on the form as follows: "permanent, total, or partial disability," the following statement was inserted:

"Claimant is still suffering disability in that he is unable to do any work and suffers pain and discomfort, but claimant desires a lump sum settlement so that he may leave the state and continue treatment with a doctor of his own selection."

In another portion of the agreement the following recitation appears:

"Probable date of employee's return to work is uncertain at this time."

The agreement likewise states that in the event a change of condition shall occur, the same shall not be final, but may be reopened and reviewed as provided by section 7296, C. O. S. 1921.

In the subsequent award complained of in this proceeding the Commission treated the $1,600 payment previously made as having been for permanent partial disability. Since both of the parties in this proceeding treated it in the same manner, it will be so considered in this opinion. The payment of the sum of $1,600 under the previous award as permanent partial disability under the "other cases" clause in section 13356, supra, was justified only upon the theory that the claimant had at that time suffered a partial loss of earning capacity. It is to be noted in this connection, however, that the parties did not specifically agree what that loss of earning capacity was. The loss of earning capacity was the ultimate fact which should have been agreed upon, and the amount of compensation should have been determined in accordance therewith by the Commission.

The order approving the agreement did not contain any specific finding of the ultimate facts which were omitted from the stipulation. It does not contain a finding as to the nature of claimant's disability. It does not state the amount of his loss of earning capacity. It does, however, recite that the probable date of claimant's return to work was uncertain at the time the order was made. We therefore are confronted in this case with an agreement as to the facts entered into between the parties pursuant to the provision of section 13360, supra, which is defective in form and substance in that it fails to recite the ultimate facts from which the Commission could determine the amount of compensation to be paid. We likewise have before us an order of approval of that agreement, general in form and failing by its terms to supply the defects existing in the agreement.

The petitioners contend, in effect, that this agreement should be construed as a stipulation between the parties that the claimant at the time he executed the same had suffered a total loss of earning capacity. The fallacy of this argument is apparent. The recitation in the agreement that he was not then able to work did not amount to a statement that he had suffered a total loss of earning capacity. This is especially true in view of the further statement in the agreement by which it appears that it was then contemplated by the parties that the claimant would, in the future and at an uncertain time, be able to resume work. It is obvious that the parties to the agreement did not at the time of the execution thereof believe that the claimant had suffered a permanent total loss of earning capacity. If any presumption at all concerning the claimant's loss of earning capacity is to be indulged in by reason of the approval of the agreement by the Commission, it must be that the Commission by implication found that the claimant had suffered a loss of earning capacity only to the extent of the compensation awarded. If we indulge such a presumption, then the loss of earning capacity as inferred was much less than that subsequently determined to exist in the order and award being reviewed in this proceeding, after the claimant had suffered a change of physical condition.

We, therefore, conclude that the recital in an agreement on form 14 (as prescribed by the State Industrial Commission) that the claimant at the time of the execution of the agreement was unable to work, accompanied by other statements indicating that it was

contemplated by the parties to the agreement at the time it was executed that the claimant would, at an undetermined future time, resume work, does not amount to an agreement that the claimant had suffered a total loss of earning capacity. We further conclude that an order approving such a stipulation containing no finding as to the extent of the claimant's loss of earning capacity does not amount to a determination that the claimant had suffered a total loss of earning capacity.

Petitioners next contend that the claimant's motion to re-open was premature and should not have been presented until the expiration of 300 weeks from the date of the first order. No authorities are cited in support of this argument, and the same is without merit.

The petitioners also contend that the Commission erred in commuting a portion of the weekly payment awarded into a lump sum and directing the same to be paid as attorney's fees. The facts presented by the record and the findings of the Commission thereon are practically identical with the situation presented to this court in the case of M. T. Smith & Son Drilling Co. v. Cox, 162 Okla. 301, 21 P. (2d) 496. The rule announced in that case is controlling in the case at bar, and the action of the Commission in this case is accordingly approved.

Finding no error in the proceedings before the Commission, the award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.