## WILLIAMS BROTHERS, Inc., v. STATE INDUSTRIAL COMMISSION et al.

No. 25190.  Oct. 22, 1935.

Gibson, Maxey & Holleman, for petitioners.

Commons & Chandler, for respondents.

BUSBY, J.  This is an original proceeding to review an order and award of the State Industrial Commission made on the 21st day of October, 1933. The employer appears herein as the petitioner and the c'aimant, Vann Farrington, appears herein as one of the respondents. The attorneys for the respondent and the State Industrial Commission are also made parties to this proceeding as respondents herein.

On August 4, 1930, the claimant, Vann Farrington, while employed by the petitioner, received an accidental personal injury. As a result of the injury claimant's right leg was broken. Thereafter a claim for compensation was filed with the State Indus-

trial Commission, and while the same was pending the petitioner and the claimant entered into an agreement on Form 14 as provided by the Commission. The agreement was submitted to and approved by the Commission and compensation awarded accordingly. The compensation provided for, namely, the sum of $800, was paid to the claimant; $124 of the amount thus paid was for permanent partial disability and the remainder was for temporary total disability.

Subsequently, and on September 11, 1931, the claimant filed with the State Industrial Commission a motion to reopen and award further and additional compensation on the ground of an alleged change of condition. A hearing was conducted on this motion and an order made awarding additional compensation. The petitioner then presented the case to this court for review, and this court vacated the award and remanded the cause to the Commission for further proceedings. The basis of our decision was the absence of competent evidence to support the award thus made. See Williams Brothers, Inc., v. State Industrial Commission, 158 Okla. 171, 12 P. (2d) 896.

On May 3, 1933, the claimant filed another motion to reopen the cause and award further compensation on the basis of alleged change of condition. A hearing was conducted before the Commission, resulting in the order now presented for review. The Commission found that the claimant, at the time the order was made, was suffering from a 30 per cent. permanent partial disability to his leg, which resulted in part by reason of the change in condition which had occurred since the original award, and awarded compensation in the sum of $807.97, less the $124 previously paid. The Commission also ordered that $153.90 of said amount be paid in a lump sum for the attorneys for the claimant from the last ten weeks of claimant's compensation.

The petitioner urges that the order of the Commission providing for the payment of attorneys' fee in a lump sum should contain a clause calculated to protect it in case there should be a change in claimant's condition for the better.

In support of its contention the petitioner directs our attention to the case of Standard Roofing & Material Co. v. Wrotenberry et al., 166 Okla. 213, 27 P. (2d) 154, wherein we directed that a protective clause be incorporated in a similar order.

The claimant agrees that the contention

of the petitioner in this respect is sound and that the order of the Commission should be modified to conform to the rule announced by this court in the case of Standard Roofing & Material Co. v. Wrotenberry, supra. The Commission will therefore be directed to modify its order accordingly, unless we find that the award should be vacated upon some other and different ground.

The petitioner next urges that the agreement filed on March 17, 1931, was a joint petition for final settlement, and that by reason of its approval the Commission had no jurisdiction to hear the second motion to reopen and subsequently enter the award of October 21, 1933. A consideration of the contention thus made requires a preliminary recognition of the power of the Commission to approve or reject agreements made between an injured claimant and his employer or his employer's insurance carrier. By virtue of section 13360, O. S. 1931, the Commission is vested with jurisdiction to approve an agreement as to the facts with relation to the injury and award compensation in accordance with such agreement. The approval of such an agreement, however, does not deprive the Commission of its continuing jurisdiction over the cause, and it may thereafter award further and additional compensation when the claimant suffers a change of condition for the worse after the previous award and due to the original injury.

By virtue of section 13391, O. S. 1931, the Commission is vested with the power to determine whether or not a final settlement may be had between the parties when the parties present a joint petition for that purpose. If such joint petition is approved as a final settlement and an award made thereon, the Commission is thereafter deprived of any jurisdiction or power to reopen the cause. These settled principles of law are not disputed by the parties to this proceeding. The petitioner contends, however, that the written agreement filed in this cause on March 17, 1931, was a joint petition, as distinguished from an agreed statement of facts. The contention is without merit. An examination of the agreement discloses that it refers only to the facts in connection with the injury and submits the same "for confirmation and approval of the Commission." At no place does it refer to the facts submitted as the basis for a final settlement,

nor does the instrument contain any request that the Commission enter an order finally settling the controversy. Furthermore, the agreed statement of facts, as we have previously observed, was submitted on Form 14 as provided by the Commission (with slight and immaterial modifications), which form has previously been referred to by this court as an agreed statement of facts falling under section 13360, supra, as distinguished from a joint petition as referred to in section 13391, supra. See Makins Sand & Gravel Co. et al. v. Hill et al., 151 Okla. 214, 3 P. (2d) 432. We therefore hold that the Commission did not, by virtue of the approval of the agreed statement of facts involved in this case, lose its jurisdiction to thereafter award further and additional compensation by reason of the change of condition occurring after the original award and due to the previous injury.

The petitioner next urges that the findings of the Commission as to the percentage of claimant's disability in the order now being reviewed is inconsistent with the Commission's previous finding as to the percentage of disability contained in its order of November 19, 1931, and it is urged in this connection that the finding as to the percentage or disability in the order of November 19, 1931, was binding upon the Commission at the time it made the order now being reviewed. The order referred to was the one previously reviewed and vacated by this court in the case of Williams Brothers, Inc., v. State Industrial Commission, supra. Our decision in that case vacated the order in its entirety and the findings therein contained fell with the remainder of the order. It became a nullity by virtue of our decision and was not binding on either party. The petitioner does not cite any authorities in support of its contention that a vacated order is, subsequent to its vacation, binding upon the Commission in its subsequent proceedings in connection with the same case. There is no merit in petitioner's contention in this respect.

The cause is remanded to the Commission, with directions to modify its order in accordance with the views herein expressed, and, as so modified, the award is approved.

McNEILL, C. J., and RILEY, PHELPS, and WELCH, JJ., concur. GIBSON, J., disqualified.