2001 OK 75

**Evelyn Serena Hamilton JOBE, Petitioner,**

v.

**AMERICAN LEGION # 7, the State Insurance Fund and the Workers' Compensation Court, Respondents.**

**No. 95,229.**

Supreme Court of Oklahoma.

Sept. 18, 2001.

Walt Brune, Walt Brune, P.C., and Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, OK, For Petitioner.

H.A. Bud Carter, Oklahoma City, Oklahoma For Respondents.[1]

OPALA, J.

¶ 1 The dispositive question on certiorari is whether the Court of Civil Appeals *erred* in accepting as judicially reviewable the three-judge panel's adoption of the trial judge's order that denied prescription drugs' reimbursement without the critical § 26 [2] findings of fact and conclusions of law. We answer in the affirmative.

## I

### THE ANATOMY OF LITIGATION

#### *Jobe I*

¶ 2 The claimant, Evelyn Serena Hamilton Jobe [Jobe or claimant], was adjudicated permanently partially disabled in 1987 from a back injury sustained while working for the employer, American Legion # 7 [American Legion or employer]. On 10 December 1991, *after* the trial tribunal's award of temporary total disability benefits in 1988 and 1990, claimant was determined to have suffered a change of condition for the worse, resulting in increased permanent partial disability [PPD] occasioned by the back injury, depression and psychological overlay.

1. Identified herein are only those counsel for the parties *whose names appear on the certiorari briefs.*

2. For the pertinent provisions of *85 O.S.Supp. 1994 § 26,* see *infra* note 11.

¶ 3 Several medical providers filed Form 19 claims for services rendered to claimant during the period between 1992 and 1993. These were approved by the Workers' Compensation Court's 7 December 1993 order. Claimant also sought reimbursement for prescriptions she had bought in the amount of $749.93. The trial judge's 17 January 1995 order denied Jobe's reimbursement claim because (1) these medications were purchased after the 1991 PPD determination, (2) the 10 December 1991 order contained no provision for continuing medical maintenance, nor (3) had claimant, after the 1991 order, moved to reopen for a change of condition for the worse. The order was adopted by a three-judge review panel of the Workers' Compensation Court and the panel's decision sustained by the Court of Civil Appeals.[3]

#### *Jobe II*

¶ 4 On 6 March 1996 claimant moved to reopen based on a changed condition for the worse. She sought authorization for medical treatment for a period from 28 April 1992 to the present. The employer's response denied that claimant's condition had changed. The report by an independent medical examiner, Dr. H., who was appointed to determine if she had suffered a change of condition for the worse, stated that no change had occurred.

¶ 5 Claimant's *reopening motion was pending when the parties settled the case by joint petition dated 29 July 1997.* According to the terms of their agreement, the claimant received $10,000, which was to be *"in addition to the authorized, reasonable and necessary medical ...* expenses heretofore incurred by claimant by reason of said accidental personal injury." (emphasis added).

¶ 6 On 5 September 1997 claimant filed a Form 13 (titled Request for Rehearing Conference) for reimbursement of prescription expense ($4,283.06). The claimed prescrip-

3. Jobe v. American Legion # 7, No. 85,749 (7 November 1995, Court of Civil Appeals, unpublished opinion) [*Jobe I*].

tions were purchased during the period between 21 December 1993 and 25 July 1997.[4]

### The Trial Judge's First Denial of Claimant's Postsettlement Request

¶ 7 The trial judge *summarily denied* claimant's request for reimbursement of prescriptions by its 25 September 1998 order that is barren of any findings of fact or conclusions of law.[5] The panel's 5 March 1999 decision vacated the trial judge's September 25 order and directed that on remand she is to

> *address* the claimant's demand for the payment of charges based upon the claimant's filing of a motion to reopen on a change of condition prior to the filing of a Joint Petition Settlement and to *address* the respondent's defense to the claimant's demands based upon the statute of limitations *as well as* any and all other demands and defenses raised.[6]

¶ 8 The employer then sought corrective relief from the panel's order. The Supreme Court *dismissed* its petition for review on the ground that the order was not final (hence not reviewable) and *remanded* the claim for further proceedings.[7]

### The Trial Judge's Second Denial of Claimant's Postsettlement Request

¶ 9 On remand the trial judge *again denied claimant's* request for reimbursement. Her 7 April 2000 order states in pertinent part:

> The Court having considered the evidence and records on file, and being well and

fully advised in the premises FINDS AND ORDERS AS:

–1.–

THAT on remand from the three judge panel, the Court finds claimant's request for reimbursement of prescription expenses in the amount of $3,057.59 covering period from DECEMBER 21, 1993 to JULY 25, 1997 is DENIED.

–2.–

THAT in reaching this decision, the Court considered: (1) claimant's motion to reopen on change of condition for the worse filed MARCH 9, 1996 which was not further pursued; (2) transcripts of joint petition with attachments dated JULY 24, 1997 and executed joint petition on JULY 24, 1997, respondent's statute of limitations defenses, and prior orders rendered in this claim on DECEMBER 10, 1991 and JANUARY 17, 1995.

Claimant appealed from the negative order. Upon its adoption by the three-judge panel, she brought a petition for review.

### The Court of Civil Appeals' Opinion

¶ 10 The Court of Civil Appeals [COCA] sustained the three-judge panel's order. According to COCA, claimant's assertions that (a) the employer is obligated under the joint-petition settlement to pay "authorized, reasonable and necessary medical ... expenses heretofore incurred by the claimant" and that (b) she need only show the medical expenses were "reasonable and necessary" *ignores* the requirement that the expenses be "authorized." COCA reasoned that because the 1987 and 1991 orders adjudicating PPD

---

4. Claimant's *presettlement strategy* was to secure an adjudication of a changed condition for the worse and authorization for prescription medication reimbursement. Her *postsettlement* strategy appears to be based on *alternative theories* advancing that (1) the reimbursement issue was left open for litigation when the settlement came, so that it remains pending because it survived the § 84 settlement's approval or (2) the approved settlement does not bar her from refiling a motion for change of condition for the worse.

5. The trial judge's 25 September 1998 order states in pertinent part:

> The Court having considered the evidence and records on file, and being well and fully advised in the premises FINDS AND ORDERS AS:
> –1.–
> THAT claimant's request for reimbursement for prescription expenses in the amount of $4,109.31 is DENIED.

6. Emphasis supplied.

7. Jobe v. American Legion # 7 (92,787, unpublished order dated 10 May 1999).

neither addressed nor preserved as a viable issue claimant's continuing medical maintenance, she was required to show a change of condition for the worse before medical treatment could be authorized.[8] Contrary to the claimant's position, COCA opines that the employer did not enter into an agreement to withhold from the § 84 settlement the reimbursement of prescription medicine. *COCA disagrees* with claimant's view that the March 1996 motion to reopen on change of condition for the worse and the July 1997 joint-petition settlement are "prima facie evidence" that her condition did in fact undergo a change for the worse that would entitle her to reimbursement of prescription medication expense that stood incurred before the settlement. *COCA observes* that neither the settlement order nor the transcript of the hearing refers to the pending motion to reopen. *COCA reasons* that (a) if the claimant intended to rely on a change of condition for the worse as the basis for reimbursement, she had the burden to include the change of condition as part of the settlement and to so inform the approving court; (b) by agreeing to the joint-petition settlement, she gave up any right to pursue a change-of-condition demand; and (c) without such adjudication, she was not eligible for "authorized" medical treatment after the 1991 PPD determination, even if the treatment was reasonable and necessary.

¶ 11 We granted the claimant's certiorari petition and now *vacate* the Court of Civil Appeals' opinion and the panel's order; the claim is remanded for further proceedings to be consistent with today's pronouncement.

## II

## WORKERS' COMPENSATION ORDERS THAT ARE DEVOID OF FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE NOT CAPABLE OF JUDICIAL REVIEW

### A.

### *The Statutory Mandate*

 ¶ 12 In compensation cases the issues are ordinarily formed by the evidence.[9] The Workers' Compensation Court is required to make *specific, on-the-record*[10] *findings of ultimate facts* responsive to the issues shaped by the evidence as well as *conclusions of law* upon which its order is to be rested. *85 O.S.Supp.1994 § 26.*[11] *Findings and conclusions are an indispensable prerequisite for judicial review.* When these elements are not present in the trial tribunal's order (or are too vague and uncertain for judicial interpretation), this court will not hypothesize about the evidence or law upon which the tribunal may have relied to arrive at its decision but will vacate the order and remand the claim for further pro-

8. For this notion, COCA relies on *Pitchford v. Jim Powell Dozer, Inc.*, 2000 OK 12, 996 P.2d 935.

9. *PFL Life Ins. Co. v. Franklin*, 1998 OK 32, ¶ 24, 958 P.2d 156, 166; *Benning v. Pennwell Publishing Co.*, 1994 OK 113, ¶ 7, 885 P.2d 652, 655; *Leffler v. McPherson Brothers Transport*, 1964 OK 225, ¶ 12, 396 P.2d 491, 493; *Wiles v. City of Stroud*, 1964 OK 190, ¶ 13, 395 P.2d 404, 406.

10. An "on-the-record" finding (or conclusion) is one that is apparent from an inspection of the trial tribunal's "face of the proceedings" (a counterpart of the district court's "judgment roll"). *Union Indemnity Co. v. Saling*, 1933 OK 481, 26 P.2d 217, 226; *Dyke v. Saint Francis Hosp., Inc.*, 1993 OK 114, ¶ 22, 861 P.2d 295, 302–303 (an examination of the entire "face of the proceedings" constitutes the sole method for proving the effect or meaning of an award). This term is distinguishable from an "off-the-record" finding (or conclusion), which is one that is not apparent from the face of proceedings but may be dis-

closed only by the transcript of the hearing for approval of a § 84 settlement. *Saling, supra* at 226. A transcript of evidentiary proceedings in the district court forms no part of the judgment roll (or of its counterpart in the Workers' Compensation Court, the face of the proceedings). *Salyer v. Nat'l. Trailer Convoy, Inc.*, 1986 OK 70, ¶ 2, 727 P.2d 1361, 1362 n. 3.

11. The compensation law's provisions that have remained in force since its earliest enactment in 1915 require that the trial tribunal "shall make or deny an award" upon due consideration of the proof and of the applicable principles of law that govern the proceeding, *"together with a statement of its conclusions of fact and rulings of law."* Okl.Sess.L.1915, Ch. 246, § 10, p. 480 (emphasis added). The quoted language, substantially unchanged, is now found in *85 O.S. Supp.1994 § 26. Red Rock Mental Health v. Roberts*, 1996 OK 117, ¶ 19, 940 P.2d 486, 492; *Benning, supra* note 9 at ¶ 7, at 655; *Leffler, supra* note 9 at ¶ 12, at 493; *Wiles, supra* note 9 at ¶ 13, at 406.

ceedings to be followed by an order that meets the law's standards of a judicially reviewable decision.[12]

¶ 13 Not only was the trial judge dutybound to obey here the statutory mandate, she was also required to follow the explicit directions given her in the three-judge panel's order.

## B.

### *The trial judge's order is devoid of the requisite fact findings and legal conclusions.*

¶ 14 The trial judge's second (7 April 2000) order adds but a few more details to those contained in its first (25 September 1998) summary disposition. By its April 7 order we are informed only of the amount of the claim, the period of time that it covers and the paperwork that the trial judge considered in reaching her decision.[13] No other

**12.** *Benning,* supra note 9 at ¶ 7, at 655; *Wiles,* supra note 9 at ¶ 14, at 406; *Bates v. State Industrial Court,* 1964 OK 170, ¶ 10, 394 P.2d 529, 531; *Bray v. State Industrial Court,* 1964 OK 70, ¶ 25–26, 393 P.2d 232, 236; *Brookshire v. Knippers Plumbing Company,* 1964 OK 67, ¶ 7, 390 P.2d 887, 889.

To this rule the court recognizes but a *single exception.* When the evidence reviewed yields plainly but a single issue dispositive of the entire claim or proceeding, absence of a stated basis is not fatal to the decision's reviewability. *Clayton v. Fleming Companies, Inc.,* 2000 OK 20, ¶ 15, 1 P.3d 981, 985; *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, ¶ 11, 958 P.2d 795, 800; *Kinser v. Western Sands, Inc.,* 1969 OK 80, ¶ 7, 454 P.2d 305, 307.

**13.** For the pertinent terms of the 7 April 2000 order, see Part I, ¶ 9, *supra.*

**14.** An appellate court does not make first-instance rulings on issues of fact or of law left unresolved by the trial tribunal. When the record is devoid of the necessary findings of fact and conclusions of law, the case must be remanded with directions that they be made of record by the first-instance court. *Salazar v. City of Okla. City,* 1999 OK 20, ¶ 15, 976 P.2d 1056, 1062; *Toxic Waste Impact Group, Inc. v. Leavitt,* 1994 OK 148, ¶ 7, 890 P.2d 906, 913; *Dyke v. St. Francis Hosp., Inc.,* 1993 OK 114, ¶ 11, 861 P.2d 295, 300 n. 13; *Teel v. Teel,* 1988 OK 151, ¶ 7, 766 P.2d 994, 999 n. 19; *American Ins. Ass'n v. Indus. Com'n,* 1987 OK 107, ¶¶ 7–8, 745 P.2d 737, 740 n. 15; *Sandpiper North Apts. v. American Nat. Bank,* 1984 OK 13, ¶¶ 28–29, 680 P.2d 983, 993; *Matter of Estate of Bartlett,* 1984 OK 9,

information is shown of record. *The § 26 requirement for findings and conclusions was once again violated and the panel's explicit mandate ignored.*

¶ 15 Because the trial judge's second (April 7) order now under review is devoid of the critical findings of fact and conclusions of law, *the three-judge panel erred in not vacating that order and remanding the claim to the trial judge for an inquiry into and determination of the tendered fact and law issues that stand shaped by the evidence and the panel order.*[14]

## C.

### *Issues of Fact and Law Tendered by the Evidence*

¶ 16 On this record, the unsettled issues of fact and law to be resolved on remand appear to be: [15]

¶ 13, 680 P.2d 369, 377; *Davis v. Gwaltney,* 1955 OK 362, 291 P.2d 820, 824.

**15.** I. *The unresolved issues identified by the claimant appear to be:*

(1) The approved (July 1997) joint-petition settlement is an adjudication of the pending (March 1996) presettlement motion to reopen on a change of condition for the worse.

(2) The March motion and July settlement are prima facie evidence that the claimant did in fact sustain a change of condition for the worse entitling her to a postsettlement hearing for reimbursement of prescription medication incurred before the settlement's approval.

(3) The employer is bound by the approved § 84 settlement as well as by its on-the-record agreement to pay "authorized, reasonable and necessary medical ... expenses incurred by claimant."

(4) The issue of prescription medication reimbursement stood reserved in the joint-petition settlement. Both the § 84 settlement order and the transcript of the settlement hearing establish the parties' agreement that the claimant could pursue her quest for reimbursement of reasonable and necessary prescription expense.

(5) Prior authorization by either the insurer, employer or the trial tribunal is not a prerequisite to medical prescription reimbursement. (a) Extant caselaw teaches that once an employer has notice of a claimant's injury, the claimant is impliedly authorized to receive medical treatment and to be reimbursed for medical expenses. (b) Form 19 procedure for determining reasonable and necessary medical expenses

(1) What is the nature of the claim? Is it a *presettlement motion* whose pendency continued in force after the approved joint petition or a *postsettlement claim* for prescription medications reimbursement that survived the § 84 settlement approval or are both theories tendered?

(2) Is the language of the § 84 settlement order broad enough to exclude from that order's bar the demand now in suit?

(3) Is the reimbursement claim cut off by the terms of the § 84 settlement order?

(4) If the claim is not barred by the § 84 approval, is the demand now tendered explicitly reserved for future litigation by an on-the-record recitation (in the approval order)?

(5) Is the text of the on-the-record settlement's proviso, which excludes some portions of the claim from its bar, broad enough to embrace the demand being presently advanced for prescription expense reimbursement?

(6) If the claim is not barred by the terms of the joint-petition approval, did it survive by explicit, on-the-record reservation or by an off-the-record agreement to withhold certain demands from the § 84 settlement?

(7) If by the latter, can such an agreement survive the § 84 settlement when it is *off* (rather than *on*) *the record?* [16]

(8) If the reimbursement demand survives the § 84 settlement order, may it be pressed without an adjudication of a changed condition for the worse?

(9) If the reimbursement demand survives the approved § 84 settlement, are the prescription expenses reasonable and necessary?

(10) If the reimbursement claim is not barred by the terms of the approved joint petition or otherwise, was the postsettlement reimbursement demand timely? (a) What is the applicable statute of limitations for a claimant's medical reimbursement claim? and (b) When does the statute begin to run?

¶ 17 Because the three-judge panel's decision on review is based on an underlying (trial judge's) order that is not fit for review, the panel's order cannot stand.

### III

### THE ¶ 84 SETTLEMENT APPROVAL PROCESS

 ¶ 18 The trial tribunal's task on remand requires an in-depth understanding of the § 84 settlement approval process. A § 84 settlement order [17] bars all of the claim-

---

requires neither prior adjudication nor authorization of those expenses in order to adjudicate the reasonableness and necessity of the charges.

(6) The three-judge panel's adoption of the trial judge's negative order failed to address the issue of reasonableness and necessity of the prescriptions for which reimbursement was sought.

(7) The employer is without a statute-of-limitations defense. This is so because the claimant filed her request for medical benefits within three years of the date of the joint petition. *The unresolved issues identified by the employer appear to be:*

(1) There was no off-the-record agreement to withhold medical reimbursement from the § 84 settlement bar.

(2) Because there was no adjudication of a change of condition for worse, there was no necessity for the trial judge to establish reasonableness and necessity of the medical prescriptions.

(3) There was neither reservation in the approved § 84 settlement for prescription medi-

cine nor an adjudication that the claimant had a change of condition for the worse. In fact, the only medical report admitted into evidence found that there was no change of condition for the worse.

(4) The claimant is bound by the three-year statute of limitations for submission of medical claims.

(5) The § 84 settlement order closed out all claims for the claimant's on-the-job injury.

16. For the on-the-record and off-the record distinction, see *supra* note 10.

17. The final compromise-of-claim process prescribed by the provisions of *85 O.S.Supp.1994 § 84* is commonly called the "joint-petition settlement". That statute-authorized procedure is referred to here either by its long-time practitioners' parlance or as the § 84 settlement process. The pertinent terms of *85 O.S.Supp.1994 § 84* (A) are:

... If the Court decides it is for the best interest of both parties to said petition that a

ant's demands that arise from the accident in suit *except* those which are *expressly reserved* by the text of the settlement order.[18] In contrast, a Form 14 settlement bars only the claim currently pressed before the court, leaving the claimant free to tender after-arising demands.[19] The § 84 settlement process applies evenhandedly to claimants and employers alike. It cuts off not only a claimant's demands created by changed conditions before or after approval,[20] but also an employer's claim to overpayments of temporary disability.[21]

¶ 19 Because the norms that govern compensation of workers for an on-the-job injury or death constitute *public law*,[22] agreements between employers and employees can never attain legally binding force without the trial tribunal's *on-the-record* approval.[23] Section 84 settlement approval is not merely a ministerial function. It is a *judicial act* that is absolutely indispensable to the agreement's legal viability.[24] While private-law liability can be resolved without court approval, there can be no hidden (off-

the-record) agreements in a public-law controversy to withhold or exclude a portion of the settled claim from settlement.

¶ 20 According to one of the claimant's own theories there was an off-the-record agreement at the joint-petition hearing to withhold an issue from the § 84 bar. Assuming that the agreement did in fact occur but there is no *paper trail* of its submission to the trial judge for approval as part and parcel of the joint petition, whether the agreement (1) can be considered approved and (2) can survive the § 84 bar are also unaddressed issues that are shaped by the evidence.[25]

## IV

## SUMMARY

¶ 21 Findings of fact and conclusions of law are an indispensable prerequisite for judicial review of an order or award by the Workers' Compensation Court. If the trial tribunal's order fails to meet these mandated standards, no judicial review is affordable. Because the trial judge's negative order is not

---

final award be made, a decision shall be rendered accordingly and the Court may make an award *that shall be final* as to the rights of all parties to said petition and thereafter the Court shall have no jurisdiction over any claim for the injury or any results arising from same.... (emphasis supplied).

18. Oklahoma jurisprudence requires that the liability of the Fund on a § 84 settlement with the employer be preserved by an on-the-record reservation of right to proceed against the Fund. *Reynolds v. Special Indem. Fund*, 1986 OK 64, ¶ 13, 725 P.2d 1265, 1270 n. 19; *Special Indemnity Fund of State v. Corbin*, 1948 OK 244, ¶ 3, 199 P.2d 1020, 1021; *Berna v. Maloney–Crawford Tank Co.*, 1955 OK 55, ¶ 7, 281 P.2d 736, 738.

19. *Special Indem. Fund v. Arnold*, 1948 OK 270, ¶ 2, 200 P.2d 907, 908; *Orrick Stone Co. v. Jeffries*, 1971 OK 116, ¶ 19, 488 P.2d 1243, 1247–48; *Williams Bros. v. State Indus. Comm'n*, 1935 OK 1031, ¶ 8, 50 P.2d 331, 332–33; *J.E. Mabee, Inc. v. Zieman*, 1934 OK 126, ¶ 7, 32 P.2d 299, 301.

20. Upon an injury's joint-petition settlement, the claim cannot be reopened. *Benning, supra* note 9, at ¶ 4, at 654; *Bill Hodges Truck Co. v. Gillum*, 1989 OK 86, ¶ 7, 774 P.2d 1063, 1066.

21. There is a recognized exception to this rule. Third-party provider claims are not barred if the claiming provider did not have notice and oppor-

tunity to assert a Form 19 claim. *Romero v. Workers' Compensation Court*, 1993 OK 150, 863 P.2d 1251, 1255. A Form 19 proceeding by a claimant is governed by different principles of liability than a third-party medical provider's Form 19 claim. If the claimant had paid for medical services at the time of settlement, the claimant could not complain of denial of due process in a postsettlement quest for reimbursement.

22. *PFL Life Ins., supra* note 9 at 164 n. 21; *Reynolds, supra* note 18 at 1270; *National Gypsum Co. v. Brewster*, 1969 OK 185, 461 P.2d 593, 596; *Special Indem. Fund v. Reynolds*, 1948 OK 14, ¶ 7, 188 P.2d 841, 842.

23. All compensation-law settlements, whether by Form 14 or § 84 joint petition, require judicial approval. Texas Pacific Coal & Oil Co. v. Morrison, *1931 OK 166, 298 P. 270,* syl. 1 (there is no settlement unless it is approved). Workers' compensation law is distinguishable from tort law. The latter is private law. Its claims can be settled without court approval. But in a public-law controversy, there can be no hidden agreement to withhold or exclude some demands from settlement.

24. Id.

25. *See* Part II(C), ¶ 16, *supra,* for other issues of law and of fact tendered by the evidence.

responsive to the *issues of fact* and *of law* developed in the course of the claimant's postsettlement reimbursement quest, neither the panel's order nor the underlying trial judge's decision is capable of judicial review. The claim is hence remanded for re-examination and reconsideration of the critical fact and law issues formed in the 1997 hearing or those that may arise on remand.[26]

¶ 22 On certiorari granted upon claimant's petition, the Court of Civil Appeals' opinion and the three-judge panel's order are vacated with directions to the panel that the claim be remanded to the trial judge for a hearing and disposition that would meet the minimum statutory standards for judicial review.

¶ 23 HARGRAVE, C.J., WATT, V.C.J., and HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU and WINCHESTER, JJ., concur;

¶ 24 SUMMERS, J., concurs in result.

**26.** *See* cases cited in note 14 *supra.*