**TOWNLEY'S DAIRY (Own Risk), Petitioner,**

v.

**Freeman F. GIBBONS and State Industrial Court, Respondents.**

No. 40852.

Supreme Court of Oklahoma.

Oct. 13, 1964.

Amos, Daugherty, Bynum, Black, Ashabranner & Rogers, Oklahoma City, for petitioner.

Liebel & Shumake, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Justice.

The question involved in this original proceeding is whether there is any competent evidence reasonably tending to support the order of the State Industrial Court of November 18, 1963, finding in part as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on Oct. 3, 1962, consisting of bilateral hernia; that claimant failed to give the 30 days written notice, but respondent had actual notice and was not prejudiced thereby. That claimant made demand on respondent for medical attention and after respondent either failed or neglected to provide claimant with medical attention, claimant sought medical attention on his own for correction, of the bilateral hernia, for which the respondent is liable to claimant for reimbursement to a reasonable extent of such expenses and pay claimant 14 weeks at $35.00 per week, or $490.00."

Petitioner herein, respondent below, asserts two propositions for vacating the order:

"1. The trial court erred in finding (a) that claimant received the alleged injury while employed by respondent, and (b) that respondent had actual notice of the injury and was, therefore, not prejudiced by the failure of claimant to give statutory notice of the alleged injury."

"2. The trial court erred in considering certain medical evidence not properly admitted into evidence which was not a part of the record, and the evidence introduced was insufficient to establish the claim herein reviewed."

Claimant was a delivery route salesman for petitioner. He testified that on or about October 1, 1962, he was lifting and shifting cases of milk about inside his truck when he felt a "burning" in his groin area. He completed his duties for that day. He went on his route the following day and his injury bothered him so much that when he came off his route he talked to R. C. Townley, assistant manager for petitioner. He told Townley he had hurt himself and that he didn't feel he could load his truck the next day. Claimant testified Townley told him to either get someone else to load it or quit. Claimant then told his supervisor, Vernie Sanders, the same thing he had told Townley. Sanders loaded claimant's truck for him. The next day claimant quit the employ of petitioner. He went to see Dr. D who told him to wear a support. Claimant wore the support until August 1, 1963 when he had surgery for bilateral hernia. He further testified he talked to Townley twice between the time he quit work for petitioner and the time of his surgery. Townley refused to send him for medical treatment.

Vernie Sanders testified for claimant. He stated he was employed by petitioner as a supervisor; that on the day in question claimant "asked me if I would finish loading the truck for him, that he thought he had pulled a hernia," and that he did load claimant's truck.

The above testimony, other than that pertaining to claimant's reporting the accident to Townley, was undisputed by petitioner.

■ We think the evidence is ample to support the finding of the Industrial Court that claimant sustained an accidental injury arising out of his employment with petitioner, and where there is any competent evidence reasonably tending to support such finding by that court, it will not be disturbed on review by this Court. Garr et al. v. Collins et al., 208 Okl. 113, 253 P.2d 838, and related cases.

Townley testified for petitioner. He stated that on or about October 2, 1962, late in that day, claimant came to see him; that claimant did not tell him that he had been hurt but only talked about wishing to leave

petitioner's employment; that claimant did not ask for medical treatment at that time. Witness testified further that claimant did talk to him two or three times, after he had quit work for petitioner, about his injury and about medical care; that finally late in the summer of 1963 he told claimant petitioner was denying any liability.

██ While there is conflict in the testimony of claimant and Townley as to notice of the injury to Townley, there is none between the testimony of claimant and Sanders, the supervisor. In the case of Hamilton v. Midwestern Instruments, Inc. et al., Okl., 371 P.2d 484, we said:

"The law is settled that a foreman's or overseer's knowledge of an accident or injury constitutes the knowledge of the employer so as to dispense with a formal notice. City of Ardmore v. Wickware, Okl., 297 P.2d 1088."

There is therefore undisputed evidence that petitioner had adequate actual knowledge of claimant's injury within 30 days from its occurrence. It is also evident from Townley's own testimony that petitioner was not prejudiced by the failure of claimant to give formal, written notice because he discussed claimant's condition with claimant two or three times before claimant had surgery. Petitioner had sufficient time to have claimant examined by a doctor of its own choice and to furnish medical treatment of its own. Petitioner introduced no evidence that it had been prejudiced.

Under the provisions of 85 O.S.1961 § 24, the State Industrial Court is authorized to excuse the giving of the statutory written notice provided therein; and if there is any competent evidence sustaining the finding of the State Industrial Court that employer has not been prejudiced by failure to give the statutory written notice, a finding thereon will not be disturbed on review. Sapulpa Tank Co. et al. v. Cole et al., Okl., 386 P.2d 988; Nelson Electric Mfg. Co. v. Cartwright et al., Okl., 277 P.2d 163; Jones et al. v. Oliver et al., 204 Okl. 164, 228 P.2d 173.

██ It is further contended by petitioner that the medical evidence was insufficient to sustain the order of the Industrial Court.

Dr. H testified for claimant by written report:

"This is to certify that Mr. Frank Gibbons was operated on August 1st, 1963 for bilateral, inguinal, indirect incomplete, reducible hernias. He dates his illness, his pain in the inguinal regions, from the time he was lifting something while working for Townley Dairy, on the 3rd of October, 1962.

This medical report is attacked as insufficient because it does not specifically say that, in the doctor's opinion, claimant's work with Townley's Dairy caused the injury.

In Oklahoma Gas & Electric Co. v. State Industrial Court, Okl., 366 P.2d 609, we held:

"A physician's opinion need not be given in categorical terms nor in the precise language of the statute, and an award of the State Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony."

While the report under consideration is not as precise as it might have been, we think its general tenor and intent support the proposition that claimant's work caused his injury. Unless the second sentence of the report was intended to show the connection between claimant's work and his injury, it has no purpose. This report is addressed to claimant's attorneys, and the doctor must have known that information as to the cause of an injury in compensation cases is important.

In support of the argument that the report is insufficient, petitioners cite Veale Electric Co. v. Carmichael, 205 Okl. 287, 237 P.2d 457, and Continental Baking Co. v. State Industrial Court, Okl., 271 P.2d 379. These cases are not in point. In the first one, the written reports of the examination physicians contain no language that could

**950**

be said to relate the injury to claimant's employment. In the second case cited, a death benefits case, the deceased made no mention of any accidental injury to the examining physician or in the history which he gave when he entered the hospital for the operation which led to his death.

In the report now before us, the record shows that claimant reported the accidental injury to the physician, and the only reasonable inference from the second sentence of the medical report (quoted above) is that the accident caused the injury.

The award is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.