2003 OK 111

**CITY OF NORMAN, A Municipal Corporation, Own Risk, Petitioners,**

v.

**Danny Joe GARZA, The Workers' Compensation Court, Respondents.**

No. 97,195.

Supreme Court of Oklahoma.

Dec. 16, 2003.

---

852

Jeff F. Raley, Norman City Attorney, Rickey J. Knighton, II, Jeff H. Bryant, Assistant City Attorneys, Norman, OK, for Petitioner.

K. David Roberts, Oklahoma City, OK, for Respondents.[1]

WINCHESTER, J.

¶1 The dispositive issue on certiorari is whether the Court of Civil Appeals was correct in declaring a lack of competent proof to support the panel's order granting claimant temporary total disability benefits and psychological treatment. We answer this question in the affirmative.

¶2 On December 21, 2000, claimant filed his Form 3 wherein he sought psychiatric medical treatment for Post Traumatic Stress Syndrome and depression, and Temporary Total Disability benefits during that treatment. Claimant alleged stomach injury and

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

psychological overlay. At trial on March 29, 2001, the trial tribunal held claimant's claim was compensable, awarded TTD and ordered psychological treatment. The Workers' Compensation Court En Banc subsequently affirmed the trial tribunal. In an unpublished opinion, the Court of Civil Appeals, Division I, vacated the decision of the Workers' Compensation Court. We granted certiorari.

## FACTS AND PROCEDURAL HISTORY

¶ 3 The record reflects that claimant is a fifteen-year police officer with the City of Norman. He has been a police officer for a total of twenty-three years. Claimant signed and filed an Injury Report Form with his employer on December 4, 2000. This report lists his injury as "emotional trauma, by diagnosis approx. 28 November, 2000." It states the cause as an "auto accident with death and injury to three others alcohol-related; child involved." The date of injury is listed as "6–3 or 6–10–2000."[2] While claimant contends other stressful situations such as the May 1999 tornado and the Oklahoma City bombing contributed to his stomach ailment, depression and PTSD, he waited until March 2000 to visit a physician—years after the bombing and approximately ten months after the tornado. In addition, neither event is referenced in claimant's December 4, 2000, Injury Report Form.

¶ 4 Claimant testified he saw his family doctor, Dr. Alan B. Husky in March 2000. He further testified this was "the first official time maybe" he realized his physical issue involved his stomach. Trial Tribunal TR. at p. 18. Initially, when he saw Dr. Husky, March 27, 2000, claimant complained of constipation. He returned on April 27, 2000, and Dr. Husky diagnosed gastritis and referred claimant to a gastroenterologist, Dr. Steve Arora. Dr. Arora first examined claimant on May 22, 2000, and subsequently performed numerous tests. Claimant's medical expert, Dr. Smith–Horn, states in her report that claimant's date of first awareness was June 2000. Her report then states that

in June 2000, claimant "worked a particularly gruesome accident involving a severely injured child," and that he developed a rapid onset of stomach pain and diarrhea. The report states that in the days to follow, claimant suffered cramping and diarrhea when getting in his patrol car or in route to the police station. It recounts claimant's referral to Dr. Arora, and that Dr. Arora performed an endoscopy "which showed severe gastritis." However, the record reflects that Dr. Husky referred claimant to Dr. Arora on April 27, 2000, and Dr. Arora first examined him on May 22, 2000, twelve days prior to the event claimant claims caused his psychological trauma, (the car accident in June, involving a child and a fatality.) While Dr. Smith–Horn's report notes Dr. Husky's referral of claimant to Dr. Rapperger, a psychiatrist, who diagnosed him with depression and PTSD, at no juncture does it reference Dr. Arora's finding of the H. pyoli bacteria and treatment thereof. In addition, the report conflicts with claimant's testimony regarding his date of first awareness, and further conflicts with the medical records as to the date upon which claimant was referred to Dr. Arora. The report states:

"In my opinion, Mr. Garza has sustained injuries to his stomach and psychological overlay in the course of his employment for the City of Norman, Norman, Oklahoma over a period of time with a date of last exposure being August 11, 2000."

Report of Dr. Smith–Horn at p. 2.

* * *

"In my opinion, his psychological problems are a direct result of his gastritis...."

Report of Dr. Smith–Horn at p. 3.

¶ 5 Dr. Smith–Horn's report is the only medical report to attribute claimant's gastritis to his employment as a police officer with the City of Norman. Dr. Arora's progress notes of July 6, 2000, contained in the record on appeal, reflect that a stomach biopsy taken June 7, 2000, was positive for the presence of a rare bacteria, Helicobacter pylori.

---

**2.** While the trial judge did not admit this report because of the Twenty–Day Rule, it is a part of the Designation of Record on Appeal.

Dr. Arora diagnosed "Helicobacter pylori gastritis" and treated claimant accordingly.

¶ 6 Claimant testified before the trial tribunal that the last time he saw a doctor for his stomach was in August 2000. Dr. Arora's progress notes of September 28, 2000, reflect much improvement in symptoms, stating: "He says he is feeling so much better that he would like to go back to work."

¶ 7 Hence, the only possible conclusion from the competent medical evidence in the record is that the physical problem—H. pylori bacteria in the stomach—occurred prior to and independent of the psychological trauma claimant contends caused his depression and PTSD. The record contains no evidence that the H. pylori bacteria was caused by claimant's job, or that he somehow ingested this bacteria because of work conditions. The record further fails to reflect any medical conclusion that this bacteria was caused by stress, much less on-the-job stress. Therefore, the only possible conclusion from the competent medical evidence in the record with regard to the stomach bacteria is that its presence in claimant's stomach had nothing to do with his employment as a Norman police officer.

¶ 8 In contrast to Dr. Smith–Horn's report, the March 19, 2001, report of Dr. Kent C. Hensley clearly states on p. 2 that "The biopsy [by Dr. Arora] of the stomach revealed H-pylori and, therefore, he was felt to have H-pylori induced gastritis." Dr. Hensley also states that in his opinion:

"[T]his patient did not have a physical injury that occurred to his gastrointestinal tract as a result of his employment by the City of Norman and claimed stresses. Therefore, he does not have psychiatric overlay but does rather have a primary psychiatric illness consisting of depression and post-traumatic stress disorder as defined by Dr. Ozolins."

* * *

"In my opinion, he does not have a physical injury that occurred secondary to his employment."

Report at pp. 5–6.

¶ 9 Dr. Mickey Ozolins examined claimant and performed a psychological evaluation on March 8, 2001. Dr. Ozolins' report of March 12, 2001, states:

"Test results are consistent with severe post-traumatic stress disorder, depression, and psychogenically based stomach discomfort. Tests results also indicate a tendency to overreport his emotional distress. Likewise, results reflect that he is overly focused on somatic concerns although he does not particularly exaggerate his pain or physical discomfort in this regard. His tendency to overreact somewhat histrionically further interferes with his attention/concentration and decision making and undermines his self confidence."

Report at p. 4.

¶ 10 Dr. Ozolins classified Claimant's stomach problems as:

"psychogenic secondary to the psychological disorders of PTSD and depression.... The patient's PTSD has, nevertheless, become a chronic condition for him, apparently having ensued at least eight years ago with a fluctuation course which became more acute as the result of the patient's on the job exposure in June of 2000."

Report at p. 5.

¶ 11 The record reflects that on February 12, 2001, Petitioner filed a written objection to the medical report of Dr. Smith–Horn on the basis that the report was hearsay, lacking in probative value and incompetent. In addition, during the trial of this matter on March 29, 2001, Petitioner's attorney again objected to the report of Dr. Smith–Horn, this time as to its probative value, when claimant's attorney introduced it as Exhibit No. 1. Tr. Pp. 26–27. The court admitted the report, stating "I don't think it's totally without probative value so I'm going to overrule in terms of admissibility and that will be admitted." Tr. at p. 27.

¶ 12 On certiorari granted upon the employer's petition, we now vacate the Court of Civil Appeals' opinion, as well as the panel's and the trial judge's orders, and remand the claim for further proceedings before the trial judge, for the reasons set forth hereinbelow.

## STANDARD OF REVIEW

¶ 13 The standard of review for a decision of the Workers' Compensation Court's decision is whether it is supported by "any competent evidence." *Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 13, 684 P.2d 548, 552. It is our responsibility to canvass the facts, not to weigh conflicting proof to determine "whether the preponderance lies but only to ascertain whether the tribunal's decision is supported by competent evidence." *Id.* In the instant matter, the omission of the H. pylori diagnosis from the report of Dr. Smith–Horn creates an issue as to whether she chose to ignore it, was for some reason unaware of it, or simply deemed it unimportant for purposes of her report. We cannot ascertain the reasons behind her omission but can reach a conclusion as to the consequences of her omission vis-à-vis the probative value of her report. We hold that the omission of this critical diagnostic fact from her report renders it incompetent to support the panel's award of TTD and psychological treatment to claimant. As such, this matter is appropriately remanded to the trial tribunal for further proceedings consistent herewith.

## IMPACT OF THE OMISSION OF CRITICAL MEDICAL EVIDENCE IN MEDICAL EXPERT'S REPORT

¶ 14 Recently, we held in *Hammons v. Oklahoma Fixture Company,* 2003 OK 7, 64 P.3d 1108, that competent medical evidence failed to support the Workers' Compensation Court's order denying claimant PTD status, and that the Court of Civil Appeals erred when it directed, on remand, that claimant be awarded PTD benefits, instead of remanding the claim for further proceedings. *Hammons,* 2003 OK 7, ¶ 11, 64 P.3d 1108, 1112. In *Hammons,* the employer's medical report failed to contain a critical element, just as Dr. Smith–Horn's report fails to contain a critical element, to-wit: the discovery and treatment of H. pylori bacteria in the claimant's stomach. Just as in *Hammons,* in the instant case the Court of Civil Appeals correctly declared this lone medical report, (of claimant's expert Dr. Smith–Horn,) insufficient and vacated the panel's order.

¶ 15 When a trial judge's decision rests on a flawed, yet curable, medical report, we have remanded a claim for re-examination by the trial tribunal. *See, e.g., Hammons v. Oklahoma Fixture Company,* 2003 OK 7, 64 P.3d 1108, *Gaines v. Sun Refinery and Marketing,* 1990 OK 33, 790 P.2d 1073 (*rev'd on other grounds.*) Failure to make a proper objection does not present for our review an incorrect admission or exclusion of evidence, "but rather addresses itself to the reviewing court's power to test a critical finding that is unsupported by competent evidence." *Hammons,* 2003 OK 7, ¶ 6, n. 15, 64 P.3d 1108, n. 15. Thus, with this determination, the claimant should have been allowed a post-remand opportunity to explain the omission of this critical fact from Dr. Smith–Horn's report. The *Gaines* case, that calls for a "proper objection", fails to apply when, as in the instant matter, there is a vacuity of proof necessary to support an award. *Hammons,* 2003 OK 7, ¶ 6, n. 15, 64 P.3d 1108, n. 15. The case at bar is distinguishable from scenarios in which adduced proof is deemed inadmissible or otherwise legally defective. The latter requires a proper objection, to preserve an error in its admission or rejection for review on appeal. In the matter before us, Petitioner attacks a critical finding that lacks any support in competent evidence.

> "To claim error in a finding that is unresponsive to the adduced evidence, one need not make an antecedent in-trial objection. Counsel are expected neither to anticipate the trial tribunal's findings nor to make presubmission objections to findings not yet made. If the law were to so require, its command would clearly offend due process within the meaning of Art. 2, Sec. 7, Okl. Const. Counsel would be compelled to forecast the trial tribunal's findings even before they receive due notice of their entry."

*Hammons v. Oklahoma Fixture Company,* 2003 OK 7, ¶ 6, n. 15, 64 P.3d 1108, 1111, n. 15.

¶ 16 Since we are unconcerned with the specificity of Petitioner's evidentiary objection, we do not express an opinion as to

claimant's complaint against Petitioner's use, on appeal, of a different argument to support the sufficiency of the in-trial objection from that which was advanced before the Workers' Compensation Court. Nor do we express an opinion as to Petitioner's complaint that claimant injects a new issue on certiorari, to-wit: claimant's objection that Petitioner failed to make a proper objection to Dr. Smith–Horn's report, during the proceeding before the trial tribunal.

¶ 17 The trial tribunal held claimant's need of psychological treatment arose out of a stomach/digestive injury that was caused by job stress. When we exclude the medical report of Dr. Smith–Horn, the record before us fails to contain competent evidence to support the decision of the trial tribunal and the three-judge panel of the Workers' Compensation Court. Thus, we hold that the trial tribunal's and the three-judge panel's award to claimant is unsupported by any competent evidence.

¶ 18 On certiorari granted upon the employer's petition, the Court of Civil Appeals' opinion as well as the trial judge's and the three-judge panel's orders are vacated; the claim is remanded for further evidentiary proceedings before the trial judge to be conducted in a manner consistent with today's pronouncement. Petitioner's Application for Leave to File Additional Briefs by Amicus Curiae is DENIED.

**CERTIORARI PREVIOUSLY GRANTED; THE THREE–JUDGE PANEL'S ORDER IS VACATED; THE OPINION OF THE COURT OF CIVIL APPEALS, DIVISION I, IS VACATED.**

CONCUR: WATT, C.J., OPALA, V.C.J., HODGES, LAVENDER, KAUGER, BOUDREAU, WINCHESTER, JJ.

CONCURS IN PART, DISSENTS IN PART: SUMMERS, J.

DISSENTS: HARGRAVE, J.

