2012 OK 45

**NOMAC DRILLING LLC, Chesapeake Energy Corporation and (Own Risk # 19509), Petitioners,**

v.

**Kelly MOWDY and the Workers' Compensation Court, Respondents.**

No. 108,677.

Supreme Court of Oklahoma.

May 8, 2012.

Laura Beth Murphy, Murphy & Murphy, Oklahoma City, Oklahoma, for Petitioner.

John C. Forbes, Forbes & Forbes, Midwest City, Oklahoma, for Respondent.

COLBERT, V.C.J.

¶ 1 The issue presented on certiorari review is whether the claimant's expert medical testimony, relying in part on prior diagnosis by other medical professionals, satisfies the

standards for expert medical testimony in a workers' compensation action. This Court answers in the affirmative.

## FACTS AND PROCEDURAL HISTORY

¶2 Kelly Mowdy (Claimant) is employed by Nomac Drilling, LLC (Employer) as a floor hand. Claimant is a resident of Lindsay, Oklahoma, but his duty station was at a Louisiana well site. Claimant's regular work shift was "seven days on and seven days off," and he commuted back to Lindsay on his days off. As part of Claimant's compensation, Employer provided housing in a mobile home at the well site, where Claimant and eight other workers lived.

¶3 On August 22, 2009, Claimant awoke to get ready for work and noticed two small red dots on his right knee. Claimant thought it looked like a spider bite, and he reported the injury to his supervisor. His supervisor was unconcerned about the injury. Over the next few days, Claimant's knee became swollen and infected. The area turned dark red and purple, with red streaks running up his thigh and down his calf. Claimant applied triple antibiotic ointment to the area and again showed the injury to two of his supervisors. But, neither supervisor was concerned. On August 28, Claimant returned to Lindsay and sought treatment at the South Central Medical Resource Center.

¶4 At South Central, Claimant was examined by a nurse practitioner, who diagnosed Claimant's injury as a 5–6 day old abscessed spider bite. Claimant was placed on antibiotics and cultures were taken. The lab tests revealed the presence of methicillin-resistant staphylococcus aureus (MRSA)—a staph infection. Following that diagnosis, Claimant's leg pain worsened. He went to the emergency room in Moore, Oklahoma, where he was placed on intravenous antibiotics for four to five hours and was released with instructions to return if his symptoms did not improve. Ultimately, the leg required surgery to remove the dead and infected tissue. Claimant missed work from approximately August 27 to October 1, 2009, on orders from South Central and his surgeon.

¶5 Claimant filed a Form 3 on September 14, 2009, alleging a spider bite to the right knee. Employer answered and denied Claimant's injury was the result of his employment. The case was tried on August 27, 2010. On direct examination, Claimant was asked to describe the living arrangements provided by Employer. He attested that the trailer house was located in a wooded forest area, about twenty feet from the tree line. Claimant also testified that the trailer home was "not real clean, not real kept up." In addition, Claimant indicated that there was a "big hole" underneath his bed, which opened all the way through the trailer to the outdoors. Although Claimant maintained that he believed the two red dots on his leg were caused by a spider bite, on cross-examination, Claimant admitted that he neither saw a spider bite him, nor witnessed puncture wounds in his leg. Further Claimant testified that he did not experience immediate pain in the knee.

¶6 Claimant introduced, over Employer's probative value objection, the report of his medical expert, Lonnie Litchfield, M.D. Dr. Litchfield referenced Claimant's August 28, 2009 diagnosis of a spider bite by South Central. He also included all of Claimant's current medical history, as well as all of Claimant's relevant past medical history. Dr. Litchfield concluded that the Claimant's injury arose out of and in the course of Claimant's employment-related activities and that the employment was the major cause of Claimant's injury. In response, Employer introduced the medical report of John Munneke, M.D., who opined that Claimant's employment was not the major cause of his injury.

¶7 The Workers' Compensation Court found Claimant's testimony was credible and persuasive. The Court concluded that the incident in Louisiana was the predominant cause of Claimant's right leg injury, and awarded Claimant TTD benefits. Employer appealed to the three-judge panel. The panel sustained the award. The Court of Civil Appeals, however, vacated the award and ordered the claim dismissed.

## STANDARD OF REVIEW

¶ 8 Because Claimant's injury precedes the effective date of the November 1, 2010 amendments to the Workers' Compensation Act, the law at the time of Claimant's injury governs. Thus, the "any competent evidence" standard applies. *See Dunlap v. Multiple Injury Trust Fund,* 2011 OK 14, ¶ 1, 249 P.3d 951, 952. This Court must sustain the Workers' Compensation Court's determination of a fact issue if it is supported by any competent evidence. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, ¶ 12, 684 P.2d 548, 552. Our task is to "canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but only for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Id.* It is only in the absence of this support that the trial court's decision may be viewed as erroneous. *Id.*

## ANALYSIS

¶ 9 This Court has previously held that "[w]hen a trial judge's decision rests on a flawed, yet curable, medical report" the party who offered the flawed medical report is entitled to the opportunity on remand to rehabilitate the medical evidence. *City of Norman v. Garza,* 2003 OK 111, ¶ 15, 83 P.3d 851, 855. *See also Hammons v. Okla. Fixture Co.,* 2003 OK 7, 64 P.3d 1108, *Gaines v. Sun Refinery and Mktg.,* 1990 OK 33, 790 P.2d 1073 (rev'd on other grounds). In *Garza,* the claimant, a police officer, alleged a stomach injury due to Post Traumatic Stress Syndrome and depression. The claimant's medical expert report omitted a "critical element:" the discovery and treatment of H. Pylori bacteria in the claimant's stomach. *Garza,* ¶ 14, 83 P.3d at 855. The omission of this critical element rendered the medical report incompetent to support the trial panel's award. *Id.* However, this Court remanded the claim to provide the claimant an "opportunity to explain the omission of this critical fact." *Id.* ¶ 15, 83 P.3d at 855.

¶ 10 In the instant case, if Claimant's medical report had omitted a critical fact, Claimant would be allowed the opportunity to cure the defect on remand. However, we do not find that any critical fact has been omitted. Employer argued, and the Court of Civil Appeals agreed, that because Dr. Litchfield's report did not directly diagnose Claimant's injury as a spider bite, the report was incompetent. Employer contends on appeal that the medical report is not curable. We cannot agree. This Court has consistently held that "[a] physician's opinion need not be given in categorical terms nor in the precise language of the statute," and an award "rests on competent evidence when it is supported by the general tenor and intent of the medical testimony." *Nat'l Zinc Co. v. Stefanopoulos,* 1965 OK 130, ¶ 14, 405 P.2d 998, 1001. *See also Townley's Dairy v. Gibbons,* 1964 OK 220, ¶ 14, 395 P.2d 947, 949.

¶ 11 For example, in *Townley,* the claimant strained his groin while lifting and shifting cases of milk inside his delivery truck. The claimant's medical expert testified by written report as follows: "This is to certify that Mr. Frank Gibbons was operated on August 1st, 1963 for bilateral, inguinal, indirect complete, reducible hernias. He dates his illness, his pain in the inguinal regions, from the time he was lifting something while working for Townley Dairy, on the 3rd of October, 1962." *Townley,* ¶ 12, 395 P.2d at 949. The employer attacked the medical report as insufficient because it did not directly specify that, in the doctor's opinion, the claimant's work with employer caused the injury.

¶ 12 This Court held that the medical report's general tenor and intent supported the proposition that the claimant's work caused his injury. *Id.* ¶ 15, 395 P.2d at 949. We emphasized that, unless the second sentence of the report was intended to show the connection between the claimant's work and his injury, it had no purpose. *Id.* In other words, "the only reasonable inference from the second sentence of the report . . . is that the accident caused the injury." *Id.* ¶ 17, 395 P.2d at 950.

¶ 13 Similarly, Dr. Litchfield's report noted that Claimant "was diagnosed with a spider bite" by the South Central Medical Resource Center. Dr. Litchfield also concluded: "It is my opinion that Mr. Mowdy has sustained a significant injury to his right knee/leg *due to*

*his work-related activities while employed by Nomac Drilling."* (emphasis added). Dr. Litchfield made a clear connection between Claimant's injury and his employment. Dr. Litchfield's report included the relevant history—namely, the diagnosis and treatment of the spider bite injury to Claimant's right knee. From the tenor of Dr. Litchfield's statement that Claimant had been diagnosed with a spider bite, and from his clinical examination and findings, we believe the intent of Dr. Litchfield to be that a spider bite caused Claimant's disability.

¶ 14 The Court of Appeals also found that the report was fatally flawed because the included history was silent as to whether Claimant informed Dr. Litchfield that he did not see or feel a spider bite him; that he did not see any spiders at the work site; that Claimant's wife and father had also suffered staph infections; and that Claimant had previously suffered from cellulitis. However, in *Black, Sivalls & Bryson, Inc. v. Story,* 1963 OK 20, ¶ 12, 378 P.2d 764, 767, we noted that "[i]t is not absolutely essential that the history include all the facts the evidence tends to prove. It is sufficient if the history substantially incorporate[s] such facts as the proof of the party fairly tends to establish and as are consistent therewith."

¶ 15 Dr. Litchfield's report contains all of Claimant's relevant and material medical history required to support his conclusion. The omitted information was irrelevant to Dr. Litchfield's conclusion that Claimant's spider bite injury and resulting infections arose out of and in the course of his employment.

¶ 16 An appellate court must sustain the Workers' Compensation Court's decision where there is any competent evidence supporting the decision. Claimant's expert medical report is not defective, and there is sufficient evidence to support the trial court's finding that the Claimant sustained an accidental injury arising out of and in the course of his employment.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; AWARD OF THE WORKERS' COMPENSATION COURT SUSTAINED.

CONCUR: COLBERT, V.C.J.; WATT, EDMONDSON, REIF, COMBS, and GURICH, JJ.

DISSENT: TAYLOR, C.J. and WINCHESTER, J.

NOT PARTICIPATING: KAUGER, J.